Parsons, C. J.
[After reciting the declaration, and stating tne point submitted by the judge’s report.] The defendant has argued that, although he waived notice of a refusal of payment by the maker, yet he did not thereby dispense with a demand upon him; for he might waive the notice from a confidence that the maker would pay the note on demand.
This construction of the waiver we think correct; and the objection would be conclusive, if the endorsement had not been made to the plaintiffs, at whose office the note was to be demanded and paid. The note was payable on a day and at a place certain ; and the place is the Berkshire Bank. A demand of payment need not be made at any other place ; and if the holder of the note is at the bank on the prescribed day, ready to receive the money if the maker be there, it is enough for him. And if the maker does not come to the bank, or direct the payment there, he has broken his promise; and no other notice to him is necessary.
In the case at bar, as the plaintiffs held this note, we must presume it was in their bank; and there it was made payable. They were not to look up Glesen, or to demand payment of him at any other place. The defendant, by his endorsement, guarantied that on the day of payment the maker would be at the bank, and pay the note ; and if he did not pay it there, he agreed that he would be answerable *in a suit at law, without pre- [ * 526 ] vious notice of the default of the promisor.
Although we are satisfied that the judge was correct in his construction of the terms of the defendant’s waiver of notice, considered in a general view, yet we are of opinion that, from the special tenor of the note declared on, the nonsuit ought to be set aside; and if, on the trial, the plaintiffs can show that on the day of payment the note was in the bank, and that the servants or officers of the plaintiffs were there during the usual bank hours, to receive payment and give up the note, they will be entitled to recover, as, by the terms of the note, they were not holden to demand payment but at the bank, which was impracticable through *434 the default of the maker ; and by the defendant’s waiver he cannot claim notice.
The plaintiffs allege in their declaration a demand on Glesen, and notice of his refusal to the defendant; and it is said that, if the nonsuit be set aside, the plaintiffs must fail on a new trial, because the facts do not comport with their allegation. Whether this allegation is or is not to be considered as surplusage, it is not necessary now to decide; and the plaintiffs may amend on terms, by striking out the allegation, if they should be so advised. The reason of the nonsuit being insufficient, the plaintiffs must have a new trial.