The Court said, that in some cases a demand on the maker is excused, as where he absconds and it so becomes impossible to make a demand, but that where the note is payable at a time and place certain, that principle does not apply ; that an actual or virtual demand must be made at that place, and notice of non-payment there must be given to the indorsei, m *137 order to charge him; and therefore the holder must have the note at that place, himself, or deposit it there with some one authorized to receive payment, and without this, no demand, actual or virtual, can be made ; and it was resolved, on the authority of Berkshire Bank v. Jones, 6 Mass. R. 524, and Woodbridge v. Brigham, 13 Mass. R. 556, that as the note in suit was not at the Plymouth Bank on the day on which it became due, no legal demand was made, and therefore the defendant was discharged from liability as indorser.[1]

Plaintiff nonsuit.

 See Sullivan v. Mitchell, 1 Caro. Law Rep. 482; Gillert v. Dennis, 3 Metc. 499; Groton v. Dallheim, 6 Greenl. 476; Course v. Shackleford, 2 Nott & McCord, 283; Buck v. Cotton, 2 Connect. R. 126; Stothart v. Parker, 1 Overton, 260; Walton v. Watson, 13 Martin, 347; Barton v. Baker, 1 Serg. & R. 334; Gibbs v. Cannon, 9 Serg. & R. 201; North Bank v. Abbot, 13 Pick. 465