Bennington,<br>January,<br>1827.

Giddings<br>vs.<br>Munson.

---

## Elisha Eastman vs. Abraham Potter.

Rutland,<br>February,<br>1832.

Where the endorsee of a promissory note payable in specific property, demanded
payment of the maker, at the time and place designated, without having the note
with him, and the maker refused to pay it—it was held that for such laches of the
endorsee the endorser was discharged.

This was an action on the case endorsee against endorser of a
note payable in grain in January, 1830, executed by Peleg Eddy to
*Abraham Potter*, and by *Potter* endorsed to plaintiff. On the
trial the plaintiff introduced evidence tending to prove a demand
of the grain, at the time and place of payment, which was at the
dwelling house where the defendant resided ; that the defendant
being present, notice was given him of the nonpayment ; and that
the defendant denied he had endorsed the note. The defendant
introduced evidence tending to prove, that the plaintiff had not
the note with him either at the time of making the demand, or giv-
ing the notice, and that at the time he denied endorsing the note,
he *called on the plaintiff to produce it.* The plaintiff requested
the court to charge the jury, that it was the duty of the maker to
pay the grain, and set it apart at the time and place of payment,
whether the note was present or not ; and that it was not neces-
sary for the plaintiff to have the note with him at the time of giv-
ing notice of non-payment ; that if the defendant denied he had
endorsed the note, it was a waiver of the necessity of having the
note present. But the court charged the jury, that it was the du-
ty of the maker of the note to pay the grain at the time and place
of payment, whether the holder was present with the note or not ;
but that to charge the endorser, it was the duty of the holder to

RUTLAND,
*February,*
1832.

Eastman
*vs.*
Potter.

present the note at the time and place, when and where it became payable, and demand payment thereof; and if not paid, he must give notice thereof to the endorsee; and if the jury found that the plaintiff had not the note with him at the time of making the demand, and also at the time of giving the notice, it was not a valid notice; that if the defendant denied endorsing the note, it was a waiver on his part, unless he at the same time required the plaintiff to produce the note; that if the jury found he denied endorsing the note, but at the same time called on the plaintiff to produce it, it did not amount to a waiver on his part to have the note present, and it was incumbent on the plaintiff to have had the note present, or the defendant would not be liable. The jury found a verdict for the defendant. The plaintiff excepted to the charge of the court; and a bill of exceptions stating the foregoing facts having been allowed, the case was brought to this Court on a motion for a new trial.

*Thrall, for plaintiff,* contended, that it was not necessary the note should have been actually present at the time of making demand of payment of the maker. That the defendant's denying having endorsed the note was a waiver on his part to have the note present, though he at the same time called on the plaintiff to produce it.

*Ormsbee, for defendant.*—The endorsee of a note not negotiable must follow the rules of the law merchant in making a demand of payment and giving notice of non-payment in a seasonable time. —*Aldis and Gadcomb* vs. *Johnson,* 1 *Vt. Rep.* 136. When a particular place of payment is fixed upon in an instrument, the instrument upon which the debt is predicated must be presented at that place for payment, before the holder has a cause for action. —*Sanderson* vs. *Barnes,* 14 *East,* 500; *Dickinson* vs. *Barnes,* 16 *East,* 110. Whenever a demand of payment is made, the person making the demand should have with him the evidence of the debt; and this rule especially applies to negotiable securities.—7 *Mass.* 486, *Freeman et al.* vs. *Boynton.* Where the place of payment is fixed by law, the same reason exists for a demand being made at that place as in the case where the place of payment is fixed upon by the parties. The reason why the instrument, which is the evidence of the debt, should be present in the hands of the person making the demand, at the time and place of making it, ready to be delivered up upon payment, is strong in the case of

an endorser, because he would require the instrument to enforce his claim against the maker. It is still stronger in the case of an action brought against an endorser of a note payable in specific articles; because at the time of the demand being made, he would have a right to pay in such specific articles, and to have his note delivered up on such payment. Where an endorser denies having endorsed the note in question, it ought to be presented in order that he may convince himself as to the fact of its being his endorsement or not.

RUTLAND,
February,
1832.

Eastman
vs.
Potter.

BAYLIES, J., *delivered the opinion of the Court.*—In the case of *Aldis & Gadcomb* vs. *Johnson*, (1 *Vt. Rep.*136,) it was decided, that the endorsee of a note not negotiable must follow the rules of the law-merchant in making demand of payment and giving notice of non-payment in a reasonable time. Then let us apply these rules to the note in question, which was payable in grain in January, 1830, at the defendant's dwelling house. The note was executed by Peleg Eddy to *Abraham Potter*, and by *Potter* endorsed to the plaintiff. The plaintiff appeared at the time and place the note was payable, ready to receive the grain, but had not the note with him to show his authority to receive the grain, nor to deliver up, in case payment had been made. The question is, was this neglect of the plaintiff, to have the note present, at the time and place of payment, a discharge of the defendant, who is sued as endorser by the endorsee? In the case of the *U. S. Bank* vs. *Smith*, (11 *Wheat.* 171,) the court say, "The plaintiffs, to entitle them to recover, were bound to show that they were the endorsees and holders of the note; *that the note was at the bank, where it was made payable, at the time it fell due;* that the maker had no funds there to pay the note; and that due notice of the default of the maker was given to the defendant." From this decision, I infer that the neglect of the plaintiff to have his note present at the time and place of payment, was a discharge of the defendant from his liability. In support of this opinion there are the following additional authorities.—*Ambrose* vs. *Hapwood*, 2 *Taunt.* 61; *Callaghan* vs. *Aylett*, 3 *Taunt.* 397; *Bowes et al.* vs. *Howe*, in error, 5 *Taunt.* 30; *Bank* vs. *Jones*, 6 *Mass.* 524; *Freeman et al.* vs. *Boynton*, 7 *Mass.* 483; *Woodbridge et al.* vs. *Brigham et al.* 13 *Mass.* 557.

The judgement of the county court
is affirmed with additional costs.