## The NORTH BANK *versus* JOHN ABBOT.

If a promissory note is made payable " at either of the banks in Boston," where there is a large number of banks, it is not to be deemed payable at a place certain; and it seems therefore that the holder is bound, in such case, to give the promisor notice where it is to be found.

Where the holder of a promissory note made payable at one of several banks designated, places it in one of those banks, either by a discount or for the purpose of collection, the promisor becomes liable to pay at such bank, and the holder is not bound to present it for payment at any other place.

In an action on a note payable at a bank, against the indorser, an averment of a presentment and demand of payment on the promisor, is supported by evidence, that the promisor had notice that the note was at the bank on the day it became due, ready to be delivered up on payment.

In such action, it appeared that the messenger of the bank, whose duty it was to give notices of the non-payment of notes, to the promisors and indorsers, and to enter their names and the places to which notices were sent, in a book kept for that purpose, had absconded and left the commonwealth, and that after diligent inquiries had been made for the purpose, it was found impossible to procure his testimony. It was *held*, that the book of the messenger was competent evidence to prove notice to the indorser.

The entry in the messenger's book stated the amount of the note, the day when it became due, and the names of the promisor and indorser, with a mark against them indicating, as was testified by the cashier, that they had been notified. It was *held*, that this evidence was sufficient to authorize the jury to infer the fact of notice to the indorser.

In the same action the jury were instructed, that upon the note in question it was not necessary for the plaintiffs to prove a demand upon the maker. It was *held*, that no valid exception could be taken to this instruction; as it must be understood to mean, that no other demand was necessary, than that of having the note at the bank ready to be delivered up on payment, of which the maker had previously had notice.

ASSUMPSIT upon a promissory note for 1187 dollars, dated February 7, 1828, signed by Willis Barnabee, payable to the defendant or his order, in sixty days from date, at either of the banks in Boston, and indorsed by the defendant to the plaintiffs.

The declaration contained a single count upon the note, averring its presentment to the maker at its maturity and demand of payment.

At the trial, before *Morton* J., the plaintiffs called Gurdon Steele, the cashier of the North bank, who testified that the note was discounted by the bank; that on the day when the note became due, an agent of Barnabee called at the bank and paid the sum of 800 dollars, which was indorsed upon

North Bank
*v.*
Abbot.

the note; that the agent then requested the witness to wait a day or two for the balance of the note, till he returned from Portsmouth; and that the witness told him, that the parties would be notified as if nothing had been paid, but that probably nothing further would be done for a day or two. It did not appear in evidence, other than as above, that the promisor lived in Portsmouth, or that the plaintiffs knew where he lived.

The witness further testified, that at the time when the note became due, Thomas Redman was the messenger of the bank, that it was his duty to enter in a book kept for that purpose, all notes discounted by the bank, which were not paid during banking hours on the day they became due, and immediately to give notice of such non-payment to the promisors and indorsers, and if such notes were not paid on the next day, to write in the book their names and the places o which notices were sent.

The witness further stated, that he gave the note to Redman on the day when it became due, with orders to send notices to the parties; that the entries in the book were in the handwriting of Redman, and made while he continued an officer of the bank; that being prosecuted for larceny, he gave bail for his appearance in court, and in October or November 1829, absconded and left the commonwealth, into which he had not since returned.

The plaintiffs also proved, that they had used due diligence to obtain the testimony of Redman, but that he could not be found. They then offered in evidence, the book which contained an entry of the note in question, with a mark against the names of the promisor and indorser indicating, as was testified by the cashier, that they had been notified. It was objected to by the defendant, as incompetent, but was admitted.

The defendant also objected to the competency of the parol evidence, explaining the entries in the book, which objection was overruled; and he then contended, that the evidence in the case was not sufficient to warrant the jury in finding a verdict for the plaintiffs.

The judge instructed the jury, that upon this note, it was

not necessary for the plaintiffs to prove a demand of payment of the maker : to which instruction the defendant excepted.

The jury returned a verdict for the plaintiffs.

If the above instruction was wrong, or if any of the above evidence was inadmissible, or if it was insufficient to justify the jury in finding for the plaintiffs, the verdict was to be set aside, and a nonsuit entered, or a new trial granted, as the Court might think right ; otherwise, judgment was to be rendered upon the verdict.

*S. D. Parker,* for the defendant. There has been no legal presentment and demand of payment in this case ; *Sanger* v. *Stimpson,* 8 Mass. R. 260 ; *Sandford* v. *Dillaway,* 10 Mass. R. 52 ; *Farnum* v. *Fowle,* 12 Mass. R. 89 ; Bayley on Bills, (Phil. and Sewall's edit.) 125 to 130 ; and no notice of non-payment to the indorser. *Woodbridge* v. *Brigham,* 12 Mass. R. 403 ; *Beveridge* v. *Burgis,* 2 Campb. 262. As to the instruction of the judge, that considering the form of this note, it was not necessary to make a demand, the general principle is, that where a note is payable at a place certain, no personal demand of the maker is necessary. *Berkshire Bank* v. *Jones,* 6 Mass. R. 524 ; *Woodbridge* v. *Brigham,* 12 Mass. R. 405 ; *S. C.* 13 Mass. R. 556 ; *Callaghan* v. *Aylett,* 2 Campb. 549 ; *Sanderson* v. *Bowes,* 14 East, 509 ; *Ambrose* v. *Hopwood,* 2 Taunt. 61 ; *Smith* v. *Bellamy,* 2 Stark. R. 224 ; *Hardy* v. *Woodroofe,* 2 Stark. R. 319. But in the case at bar the rule does not apply : 1. Because the plaintiffs, in their allegation, have averred a demand, instead of stating that none was necessary, and therefore, as it is a material fact, it must be proved ; proof of matter of excuse will not support the declaration. *Rushton* v. *Aspinall,* Dougl. 679 ; *Berkshire Bank* v. *Jones,* 6 Mass. R. 526. 2. Because this note is not payable at a place certain, but at either of the banks in Boston, where there is a large number of banks, some of which are situated at a great distance from others.

The entries of the messenger of a bank are not evidence in such cases, unless he is *dead. Cooper* v. *Marsden,* 1 Esp. R. 1 ; *Calvert* v. *Archbishop of Canterbury,* 2 Esp. R.

North Bank
*v.*
Abbot.

*March 16th,* 1831.

646 ; *Sikes* v. *Marshall*, 2 Esp. R. 705 ; *Welsh* v. *Barrett*, 15 Mass. R. 386 ; *Outram* v. *Morewood*, 5 T. R. 121 ; *Peacock* v. *Monk*, 2 Ves. sen. 193, cites *Dutchess of Marlborough* v. *Guidot* ; *Framingham Man. Co.* v. *Barnard*, 2 Pick. 532 ; *Nichols* v. *Webb*, 8 Wheaton, 385 ; *Union Bank* v. *Knapp*, 3 Pick. 96 ; *Harrison* v. *Blades*, 3 Campb. 457.

But suppose the book to be competent evidence, the entry does not prove that any notice was sent to the indorser in time, or even that it was sent at all.

*B. Sumner* and *Field*, for the plaintiffs, to the point, that there had been a sufficient presentment and demand, cited *Rahm* v. *Philadelphia Bank*, 1 Rawle, 335 ; *Beeching* v. *Gower*, Holt's N. P. R. 313 ; *Bank of the United States* v. *Carneal*, 2 Peters's Supr. C. R. 543 ; to the point, that the entries of the messenger were competent evidence, *Welsh* v. *Barrett*, 15 Mass. R. 380 ; *Whittemore* v. *Brooks*, 1 Greenl. 61, note.

SHAW C. J. delivered the opinion of the Court. This is an action of assumpsit, by the plaintiffs as holders and indorsees of a promissory note, against the defendant as indorser.

It was contended that, the note being made payable at a place certain, no presentment was necessary.

Where a note is made payable at a particular bank, or other place certain, it has long been held, and is now well settled, not only that the holder is not bound to present it to the promisor, at any other place, but that a presentment at any other place would be unavailing ; a promisor would be under no obligation to pay it at another place, and of course a refusal to pay upon such presentment would be no dishonor, upon which the indorser could be charged. *Berkshire Bank* v. *Jones*, 6 Mass. R. 524 ; *Woodbridge* v. *Brigham*, 12 Mass. R. 405 ; *S. C.* 13 Mass. R. 556.

But it is impossible to say, that the note in question was made payable at a certain place. A note may no doubt be made payable at more than one place, an instance of which is to be found in a recent case ; and in such case, it would be sufficient to present the note at either of the places specifically named. It would be presumed in such case, that the maker kept cash at both such places.

But where a note is made payable at either of the banks in a large city where there are about twenty, we think the natural construction of the contract is, that the note will be paid at either of the banks which the holder may select. It would seem to follow, from other established rules, that in such case, the holder should give notice to the promisor, where his note is. But of this it is not necessary to give any opinion in the present case, because it was proved, that in fact the promisor had notice that his note was in the North Bank ; because, on the day it became due, he sent an agent, who paid a part of the money, and asked a few days' delay for the balance.

When the holder had placed his note in a particular bank, either by a discount, so that such bank became the holder of the note, or for collection for account of another, the promisor became liable to pay at such bank, in the same manner, as he would have been liable to pay at a particular bank named, had such place been expressed in the note. It follows then from the authority cited, that the holder is not bound to present the note at any other place, and if the maker fails to appear, or to provide funds to meet the payment, and if the note is actually at such bank, ready to be presented and to be delivered up on payment, such failure of the promisor to appear or to provide funds, is a dishonor, of which notice may be given to the indorser, upon which his liability will arise, if such notice be seasonable.

It was then contended, that though no presentment and demand, under the circumstances, were necessary, yet the plaintiffs could not avail themselves of that fact in this action, because they had actually alleged and declared upon such presentment in this action, and that proof of matter of excuse will not support the declaration.

Upon some consideration, however, we think this objection cannot be sustained. It is probably the most usual practice to declare upon a note in the common form, averring a presentment and demand, even where proof of matter of excuse is relied upon. In all cases where a note is given in evidence upon the money counts, any proof which establishes the plaintiff's right to recover the note, supports the

North Bank
v.
Abbot.

count. This is certainly a convenient rule, and will seldom lead to any practical inconvenience ; and this is well established by authority.

The principle of allowing some latitude in the mode of proof, where a presentment and demand are averred in the declaration, seems to be this ; the plaintiff does not give in evidence matter strictly in excuse, but a qualified presentment and demand, or acts which in their legal effect and by the custom of merchants, are deemed equivalent to a demand.

There are various cases, where by force of law, by special agreement, or by usage, some particular mode of presentment is held valid, or some equivalent act taken in lieu of presentment and demand, as understood in its literal sense. As where a note is made payable at a particular bank ; if the maker is not at the place to receive the demand, and the holder has no right to present it at another place, leaving the note at the place, with authority to receive the contents, is held to be a demand. So, where it is the custom of banks, instead of presenting the note to the promisor, to send a notice to him to come to the bank and pay it, and this is known to the promisor, he shall be held to assent to it, and such notice is held to be equivalent to actual presentment. *Jones* v. *Fales*, 4 Mass. R. 245.

So, where it is agreed between the holder and promisor, that notice may be left at a particular place, not his own place of business or residence, leaving the usual notice at such place, is a sufficient presentment. *Whitwell* v. *Johnson*, 17 Mass. R. 449.

In such cases it has been held, that an averment of presentment and demand generally, is satisfied by evidence of such special demand. *Hardy* v. *Woodroofe*, 2 Stark. R. 319 ; *Stewart* v. *Eden*, 2 Caines's R. 121. But in a case recently before this Court, the point was raised and argued and definitely settled. *City Bank* v. *Cutter*, 3 Pick. 414. In this case, the point was taken, that the averment in the declaration was of a presentment to the maker for payment, but the evidence was of a notice issued from the bank, which was a fatal variance. But the Court held it not a variance,

being in effect a demand proved to have been made in a form, which had been agreed upon by the party to be affected by it, by a tacit reference to the custom and usage of the bank.   The case before us is similar in principle.

It was further contended, that due notice to the defendant as indorser, was not given and proved, as required by law, to charge him.

It was n evidence, that the messenger of the bank, whose duty it was to give notices, had absconded before the trial , that diligent inquiries had been made with a view to obtain his testimony, which had proved wholly unavailing ; where upon evidence was offered of a minute book kept by him, with the testimony of the cashier, explaining the manner of keeping and the purposes for which the book was kept. This was objected to and admitted.

No case is precisely in point ; but upon the authority of analogous cases, and the reason of the principle, we think this evidence was rightly admitted.

In *Welsh* v. *Barrett*, 15 Mass. R. 380, it was held, that such a book kept by the messenger of a bank, after his decease, is admissible to establish demands and notices.   The ground is, that they are memoranda, made by an officer in the ordinary course of his business, and before any controversy or question has arisen.

In *Nichols* v. *Webb*, 8 Wheat. 326, it was decided, that the minute book of a deceased notary might be received in evidence for the like purpose.

In the case of the *Union Bank* v. *Knapp*, 3 Pick. 96, it was decided by this Court, that the books of a bank, which had been kept by a clerk who had become insane, were admissible, upon proof of his handwriting and that the books were kept by him in the regular course of his business.

The only distinction between these cases and the case at bar is, that here, for aught that appears, the witness is still living.   But it was satisfactorily proved, not merely that the witness was out of the jurisdiction of the Court, but that it had become impossible to procure his testimony.   We cannot distinguish this, in principle, from the case of death, or alienation of mind.   The ground is, the impossibility of

North Bank
v.
Abbot.

obtaining the testimony; and the cause of such impossibility seems immaterial.

It was alleged, but not strongly urged, that the book did not prove notice to the indorser. This was rightly left to the jury with the explanation given by the cashier. The entry in the book was a short memorandum stating the amount of the note, the day it fell due and the names of the promisor and indorser, with a mark against them which, it was testified by the cashier, indicated that they had been notified. This was competent evidence. Such a memorandum is not like a contract or other written instrument; it is more like a writing in cypher, or a foreign language, which may need an interpreter. With the testimony of the cashier, as to the meaning and effect of the entry, it was competent evidence, from which the jury might infer the fact of notice.

An objection was taken to the instruction stated in the report, that no demand of payment of the maker, was ne cessary upon this note. This, of course, must have been given in reference to the circumstances of the case on trial, and must mean that no other demand was necessary than that of having the note at the bank, ready to be delivered up on payment, of which the maker had previously had notice; and so understood, we think no valid exception to this instruction can be taken.

*Judgment on the verdict.*