By the Court,

Nelson, J.
The first question raised in the case, I believe, has not been decided by this court; but as a general proposition, we have no hesitation in saying that a stipulation by the endorser of a note to waive notice of demand upon the maker, does not, according to the law merchant, dispense with the demand itself. They are distinct acts, and each a condition precedent to the right of recovery by the holder. The endorser, in waiving notice, may rely upon an *assurance or conviction that Ihe note will be paid by the maker, if demanded when due. 6 Mass. R. 524. I cannot, however, entertain a doubt that by the stipulation between these parties, the demand as well as notice was waived. It required the plaintiff to enforce the collection of the note by due course of law, and if unsuccessful the defendant engaged to pay it. If this part of the agreement has been performed according to its legal intendment, and the note not collected, the defendant, by its very terms, is liable without any demand. If it has not been performed, the defence is complete, independently of any question about demand. A reasonable construction of the agreement necessarily excludes it. It is not material, however, to examine whether the first count was sustained, supposing a compliance with the import of the stipulation on the part of the plaintiff.
Whether the proceedings of the plaintiff in the prosecution of the note (the transcript out of question) were commenced and carried on within the meaning of the term “ in due course of law,” is a question I shall not examine in detail, though I am free to declare that in my judgment, under the facts of this case, it should have been submitted to the jury. It was a mixed question of law and fact. This is clearly the view of this court in the case of Thomas v. Wood, 4 Cowen, 173, and in the authorities there referred to. In that case, a verdict was taken for the plaintiff, subject to the opinion of the court upon the facts. The court were substituted for the jury as to the questions of fact.
The court below assumed, that the promise of the defendant to pay the debt to the agent of the plaintiff was inoperative, on the ground that there was nothing in the case tending to prove, that it was made with a full knowledge of all the facts, and particularly nothing to show that the defendant knew that a demand had not been made on the maker, or that the transcript of the judgment had not been filed, and accordingly advised the jury to find a verdict for the defendant. Now, if I am right in the construction of the stipulation between the parties, of which I entertain no doubt, to wit, that there was an implied *636 waiver of a demand, then, the court erred in this respect; because, if there was such waiver, the promise was made with knowledge that a demand was not *necessary. The defendant was bound to understand the effeet of his agreement. Further, if I am right in the construction that a demand was waived, the opinion of the court below seems to concede enough to entitle the plaintiff to recover, (the transcript out of the case.) For after the testimony of the attorney for the plaintiff, it does not appear to have been denied by the counsel or the court, that the promise was made with a full knowledge of all the legal proceedings before that time had, in the attempt to collect the note. Indeed, thus far the testimony was full; for a statement of the judgment was exhibited to the defendant at the time which contained the entire history of the proceedings, and the court, therefore, were obliged to confine the want of knowledge, to the fact of demand, and the filing of the transcript.
As to the filing of the transcript: due course of law, when applied to the prosecution of a demand in a court of record, confessedly means no more than a timely and regular proceeding to judgment and execution. An execution is, «emphatically the end and finisher of the law. So in regard to a demand collectable only in a justices’ court, every possible effort need not be made, or means tried. A proceeding to judgment and execution is at least prima facie a compliance with the contract. If beyond this there is negligence, or more than what was done might reasonably have been done to collect the debt, and a loss ensues, it lies on the defendant to show the loss, and that it was occasioned by such negligence or omission. Nothing of the kind appears in this case. To contend that the defendant has suffered from the omission to file in the clerk’s office the transcript of the judgment, it should first appear that West had real estate upon which it would have been a lien. No such fact is proved. Rumor or report should not take the place of fact.. Besides, the plaintiff offered to prove that West had no real estate, which evidence the court rejected.
If, then, the promise was made with a full knowledge of the legal proceedings which had taken place in the endeavor to collect the note, it follows from the above views that the plaintiff should have recovered, whether those proceedings were a strict compliance with the terms of the stipulation or not. Any defect in this respect was waived by the promise, *under a full knowledge of the material facts. The stipulation superseded the necessity of a demand, and the transcript was not important, unless the defendant had real estate.
Upon every view I am able to take of this case, the court erred.
Judgment reversed, and venire de novo.