## Scott *v.* Greer.

The waiver of protest by an endorser on the day of the maturity of the note, puts him in the same situation as if the protest had been made and proved; and there being no contradictory evidence, it is proof, under the act of Assembly, of demand and refusal, and notice.

In error from the Common Pleas of Philadelphia.

*Feb.* 19, 20. The plaintiff in error was an endorser of a note, and it was proved that defendant requested that the note should not be protested; and found by the verdict, that on the day it matured he waived the protest.

His honour, Jones, J., told the jury, under such circumstances, he was liable, without a demand on the maker.

*McIntire* and *Perkins*, for plaintiff in error.—The waiver of a demand on the maker was at best but an inference from the waiver of protest, which the court cannot make: 8 S. & R. 334; 4 Ib. 211; 4 Bing. N. C. 232; 7 Pet. 290. It was the act of protest only that was waived, not the acts necessary to authorize a protest: 1 Doug. (Mich. Rep.) 298; 5 Shep. 19; 11 Wend. 633; 6 Mass. 525.

*Hood*, contrà.—It was an admission that the note was rightly protested: Chitty on Bills, 533–4; Story on Notes, § 358; 2 Camp. 105, 188; 7 East, 231; 3 John. 68. If this is so, then the facts being uncontradicted, the judge was right in saying he was liable.

*March* 5. Rogers, J.—The instruction of the court, that the

defendant by waiving the protest waived the presentment for payment to the maker, cannot well be reconciled with the analogous cases of Leonard *v.* Sary, 10 Wend. 505; Backus *v.* Shepherd, 11 Wend. 629, and the Berkshire Bank *v.* Jones, 6 Mass. 524, and other cases cited.   Yet, however this may be, all the authorities concur that it is a *primâ facie*, and, in the absence of contradictory, conclusive proof of notice to the maker.   By the act of 1815 the official acts, protests, and attestations of all notaries-public, certified according to law, under their respective hands and seals of office, may be read and received as evidence of the facts therein certified, in all suits, &c., depending; provided that any party may be permitted to contradict, by other evidence, any such certificate. Waiving the protest puts the parties in the same condition as if made and given in evidence, and had the court instructed the jury to this effect, no exception could be taken to the charge; and yet it amounts to the same thing, for in both cases the plaintiff was entitled to a verdict, if the protest was waived after the note matured.   The error, therefore, if it be one, amounts to nothing more than giving a wrong reason for a right judgment, which is no reason for reversal, as has been repeatedly ruled.   The facts necessary to raise the point of law were not denied; so, on that point, there was nothing to leave to the jury.   We see no error in the court instructing the jury, under the circumstances: the plaintiff was entitled to a verdict, if the protest was waived after the note matured.

Judgment affirmed.