## GEORGE H. LOW *vs.* JUSTIN HOWARD.

The indorser of a promissory note, payment of which has not been demanded of the maker, is not liable upon his subsequent promise to pay the note, made in ignorance of the fact that no demand had been made on the maker.

THIS was an action against the defendant as indorser of the following note : " $45. Worcester, September 22d, 1849.

---

* THOMAS, J. did not sit in this case.

Four months after date, I promise to pay to the order of Justin Howard, forty-five dollars, value received, with interest. E W. Fuller.

The defendant pleaded the general issue, and denied that he had due notice of the nonpayment of said note. At the trial in the court of common pleas, before *Merrick*, J. it was admitted, or proved by the plaintiff, that no demand was made on the maker at the time of its maturity and that no notice was given to the defendant of the nonpayment of said note, and that the defendant had, subsequent to the maturity of said note, at different times, promised to pay said note. The defendant's counsel requested the court to instruct the jury that the defendant would not be liable on his promise to pay said note, unless he knew at the time of making said promise that no demand had been made on the makers, or he had waived the making of said demand on the makers; but the court declined giving said instruction, and ruled, that the right of an indorser to a demand on the maker for payment, and notice to himself of the dishonor of the note, is a condition for his benefit which may be waived by him; and that in the present case, if the defendant, with full knowledge that the note had not been paid, and that no notice of its nonpayment had been given to him, and that he was discharged from all liability to pay said note for want of such notice, voluntarily promised the plaintiff to pay him said note, such promise was a waiver of the condition, and made him liable to pay the said note to the plaintiff, although no demand had been made on the maker, and the defendant was ignorant of that fact at the time of making said promise.

The jury having found a verdict for the plaintiff, the defendant excepted to the above instructions.

*W. R. Hooper*, for the defendant.

*R. Newton*, for the plaintiff.

DEWEY, J. The engagement of the indorser of a promissory note, is only a conditional liability to pay the same if due demand is made on the maker, and due notice given to the indorser. In the present case, it is conceded by the plaintiff, that no demand was made and no notice was given to the

23*

indorser. The defendant was, therefore, legally discharged of all liability as indorser, and might have resisted all attempts to enforce any such claim against him. If such liability now attaches, it is by reason of his subsequently assuming the same by a new promise to pay the note. This the defendant might do, if he voluntarily, with a knowledge of all the facts, assumed such liability. The further inquiry is, whether the case finds such knowledge of all the facts essential to be known to him, to give effect to such new promise. The case put to the jury was that of knowledge on the part of the defendant, that the note had not been paid, and no notice of its nonpayment had been given to him, and that the effect of such want of notice was to discharge him as indorser, and if these facts were shown, it was held sufficient to charge the defendant. On the other hand, the defendant contended that he was not liable on his new promise, unless he knew, at the time of making the promise, that no demand had been made on the maker.

It seems to us that the knowledge of this latter fact was material. Knowledge of the want of due notice to him that the note had not been paid, is only knowledge of a part of the facts. This might well be so, and yet the proper demand on the maker have been made. The omission to give notice to the indorser was one species of laches, and the neglect to make a proper demand on the maker another and different one. It has been held by this court that a waiver of the right to notice, by the indorser of a promissory note, does not excuse the indorsee from demanding payment of the maker at the maturity of the note. *Berkshire Bank* v. *Jones,* 6 Mass. 524. See to the same effect, *Drinkwater* v. *Tebbetts,* 5 Shepley, 16; *Lane* v. *Seward,* 2 Appleton, 98; 1 Parsons on Contracts, 232. The grounds of the rule are stated thus by Professor Parsons: " Though the party may not wish for notice of the nonpayment, he may still claim that payment should be demanded." It might well happen that upon proper presentment and demand of payment of the maker, the same might have been paid, when, in the absence of such demand, payment might have been neglected.

That full knowledge of all the facts which should be requisite to revive a legal liability once discharged, ought to include the fact that there had been no demand on the maker, as well as no notice to the indorser. The case having been put to the jury under instructions of a different character, the verdict must be set aside, and a *New trial granted.*