The Opinion of the court was delivered by
Tilghmajnt, C. J.
This is an action On a check for 400 dollars, drawn by the defendants’ testator, Edioard Sprogell, on the Mechanics’ Bank, payable to the plaintiff. On the trial, in the court below, the plaintiff gave credit for 350 dollars, which he said, was paid by Edward Sprogell, -and demanded only the balance of 50 dollars, with interest thereon. The defendants insisted, that the whole had been paid fay the testator, and that the check had been cancelled. The president of the court submitted to. the jury, the fact of payment, but remarked, “ that there was no evidence of the payment of 350 dollars in part, of the amount, and if there had been, it would not have altered the case, in this respect; a check on the bank, being in the nature of an inland bill of exchange, and subject to all the rules which regulate the negotiátion of such an instrument.”
If the defendants had put their case on the necessity of a demand of payment from 'the bank, before the drawer could be resorted to, and had disclaimed the payment of any part by their testator, the court might then, with great propriety, have charged the jury, that as no payment was proved, and no demand proved, the plaintiff could not recover. It would not be sufficient for the plaintiff to give credit for part — he should prove it. For if the bare giving credit, were sufficient, the holder of a bill, who had been guilty of laches, might always get over it, by giving credit for a small payment. But this cause appears to have taken a different course. For the defendants alledged, that the whole had been paid; and their counsel requested the court to charge the jury, that payment should be presumed from length of time, and other circumstances. The jury might well have supposed, from the conduct of the defendants that they admitted the credit given by the plaintiff. Indeed, the plaintiff himself, might have been induced to suppose so, and therefore have omitted the production of evidence of payment. The question will be then, whether the court was right in its opinion, that even- supposing payment of part to be proved, the plaintiff could not recover, because he had not proved a demand of the bank. In general, there cannot be a recovery, without proof of a demand, and notice to the drawer, that payment has been refused. But there. are exceptions to this general rule: Whenever the drawer acknowledges himself to be liable to pay *128 ment, the necessity of proving a demand of the drawee, and his re- , fusal to pay, and notice to the drawer, is dispensed with. Because such acknowledgment carries with it internal evidence, that the drawer knew, that due diligence had been used by the holder, or even if it had not, that still the. drawer confessed he was under an obligation to. pay. And it is imfnaterial, whether there be proof of an express promise to pay, or of other circumstances from which it may be inferred, that the drawer acknowledged himself liable. And I'take it, that payment of part,-is such a circumstance. It was so said, by. Judge Washington, in the case of Read v. Wilkinson, cited in Whart. Dig. 87, from a M. S. report. And .there is good reason for it. For why should part be paid, unless the payer acknowledged the obligation of paying the whole. I am speaking now, of payment of part, after a bill has become .due. It does not appear, by the bill of exceptions in this case, at what time the part payment was credited. But if one draws a check on a bank, payable some time after date, and before the time of payment, the drawer pays part, I should suppose it must be,the intent of the parties, that the check should not be presented. I doubt whether the bank would pay the balance in such case, without a special order from the drawer, or some written explanation. On this point, however, I give no positive opinion, as the case does not require it. But I am of opinion, that there was error in that part of the court’s charge, in which it was said, that supposing the payment of part of the check to have been proved, still the plaintiff was not entitled to recover, because he had not proved a demand of the bank on which it was drawn. The judgment is therefore to he reversed, and a venire de novo awarded.
Judgment reversed and a venire facias de novo awarded.