## JOSEPH A. HARVEY *vs.* WALTER TROUPE.

A promise by the drawer of a bill of exchange to pay generally, or a promise to pay a part, or a part-payment, made with a full knowledge that he has been released from liability on the bill by the neglect of the holder, will operate as a waiver of presentment to the acceptor, a demand for payment, and notice of protest, and will bind the drawer who makes it, for the payment of the whole bill.

The party making the promise, or part-payment, becomes bound for the payment of the whole bill, upon the presumption that he intends to bind himself to that extent; but such presumption cannot exist where the party, who is bound alone by his promise, expressly limits his liability to the payment of only a part.

A promise to pay, without knowledge of his release, would only amount to *primâ facie* evidence that all the acts, necessary to charge such property, had been duly performed.

In error from the circuit court of Lowndes county; Hon. Francis M. Rogers, judge.

This was a suit founded on a bill of exchange drawn by the appellant in favor of the appellee, on Rhea & Sykes, of Mobile, for $1309.35, and accepted by them.

William L. Harris, for plaintiff, proved that the bill was placed in his hands for collection, and to pay himself out of the proceeds a debt of about $900 due him by Troup; that the bill was never presented to the acceptor for payment, nor protested; that Harvey had a knowledge of these facts, and promised to pay the amount of his (Harris') debt, and did pay $250 of it, but at the time he made the promise to pay, Harvey claimed a credit for some cotton shipped to Rhea & Sykes. Rhea & Sykes had failed, and dissolved partnership before the bill fell due. Harvey was not an accommodation drawer, but a drawer for value.

William Weaver proved the promise to pay, and the

Harvey v. Troupe.

knowledge of Harvey that the bill had not been presented or protested at the time the promise was made, and the claim made at that time for a credit on account of eleven or twelve bales of cotton shipped to the acceptors on account of the bill. The cotton weighed about five hundred pounds to the bale, and was worth six or seven cents per pound.

James T. Sykes proved that the acceptance by Rhea, Sykes, & Co. was an accommodation acceptance; that Harvey had no funds in their hands at the time the bill was drawn, and did not provide any to meet it at maturity; and that Harvey knew of the dissolution of the firm of Rhea, Sykes & Co. before the bill fell due; and that the eleven or twelve bales of cotton were shipped to John S. Rhea, who was doing business on his own account, and not to Rhea, Sykes & Co.

The court charged the jury, " That a promise by the maker of a bill of exchange, after its maturity, to pay the same, or any part thereof, is a waiver by him of presentment to the acceptor, demand of payment, and protest for non-payment," to which defendant objected; the objection was overruled.

The court refused to charge " That a promise to pay a part of a bill after maturity, accompanied with a refusal to pay the other portion, is not such a waiver of notice and protest as to entitle the holder to recover the whole amount of the bill;" but in lieu thereof charged, " That a promise to pay any portion of a bill was a waiver of the whole."

The jury rendered a verdict in favor of Troup for $1248.

The defendant's counsel moved for a new trial —

1. Because the defendant was surprised by being compelled to go to trial without the testimony of John S. Rhea, a witness on behalf of the defendant.

2. Because the court erred in its charge to the jury, and by refusing to charge the jury as requested by defendant's counsel.

3. Because the jury returned a verdict contrary to law and evidence.

The motion was overruled, and defendant excepted.

Harvey v. Troupe.

*Thomas Christian*, for plaintiff in error.

The court erred in the ·charges given, and in refusing the charge asked by defendant, and in overruling the motion for a new trial.

Proving a subsequent promise only gives *primâ facie* evidence that those acts were done which are necessary to charge the defendant. And where it is proved that there was no demand and notice, a new promise is not sufficient to bind the defendant.. *Standage* v. *Creighton*, note to Story on Promissory Notes, § 362.

The promise by the defendant to pay the balance of the bill, after being allowed a credit for the cotton shipped to the acceptors, cannot be construed into a promise to pay the whole bill; and the promise (if binding at all) only binds him to pay the balance, after deducting the value of the cotton.

The instruction of the court that a promise to pay any portion of the bill, accompanied with ' a refusal to pay the residue, is such a waiver of demand and notice as to entitle the holder to recover the whole amount of the bill, is clearly erroneous. Chitty on Bills, 506.

A qualified promise must be taken as a qualified promise, and acted upon accordingly. Note to same, *Fletcher* v. *Froggatt*; bill for £214, payee against indorser, notice not proved, defendant said he was liable for £70; held by Abbott, chief justice, to be a qualified admission, and only enabling plaintiff to recover that sum. See 2d How. & Payne, 569; Chitty on Bills, 506.

*George L. Potter*, for plaintiff in error,

Cited Story on Bills, § 373 – 377; 2 Phillips, Ev. Cowen & Hill, 22a, *et seq*.

Harvey is not liable upon his promise for part to pay the whole. *Bradley* v. *Field*, 3 Wend. 272.

The cases of a conditional promise to pay claims barred by the statute of limitations, are in point; they all agree the party is not bound absolutely, and his promise is not to be extended, by implication or presumption, beyond the express

Harvey v. Troupe.

words. *Bell* v. *Morrison*, 1 Pet. 351; *Bush* v. *Barnard*, 8 Johns. 407; *Robbins* v. *Otis*, 1 Pick. 368.

Harvey is not liable as a drawer without effects, he had a right to draw, the drawees accepted the bill; if by agreement the party has a right to draw, then due presentment must be made. Story on Bills, § 369; *French's Executors* v. *Bank of Columbia*, 4 Cranch. 141.

The true rule is, that demand need not be made if the drawer had no right to draw; and moreover had not, at any time from the drawing to the maturity of the bill, " any effects " in the hands of, or on the way to the drawee, nor any right to suppose the bill would be paid. Chitty on Bills, 389.

There were effects in the hands of the acceptors to meet the bill. If it be said they were insufficient to pay the whole bill, the answer is, that no such rule exists. Plaintiff must show there were not any effects. Chitty on Bills, 389.

The firm of the acceptors was dissolved, but Harvey shipped to those of the partnership who continued business in the name of the old firm, and a delivery to any member was a delivery to all. Story Partn. § 224, 328; *Douglass* v. *Patrick*, 3 Durnf. & East, 683; *Morrow* v. *Starke*, 4 J. J. Marsh. 367; *Warder* v. *Arell*, 2 Wash. 282.

*Clayton & Harrison*, for defendant in error.

1. A promise to pay the bill of exchange, or a part thereof, under a full knowledge that said bill had not been protested and notice given, amounted to a waiver of demand and notice.

2. A payment of a part of said bill of exchange amounted to a waiver of demand and notice.

3. A promise to pay said bill or any part thereof, or a payment of a part thereof, was sufficient for the jury to presume that the drawer's liability had been fixed by demand and notice.

On these points, see *Tebbetts* v. *Dowd*, 23 Wend. 379; *Robbins et al.* v. *Pinckard*, 5 S. & M. 51; *Bibb* v. *Peyton*, 11 Ib. 275.

The failure to place funds in the hands of the acceptors, at the maturity of said bill, rendered the drawer liable even without demand and notice.

*Harris & Harrison*, on same side.

The first ground for a new trial is "surprise on account of the absence of witness, Rhea." The record does not show the materiality of the witness, or that he had been subpœned, or an attempt made to take his deposition, or any excuse for the absence of plaintiff in error himself, or that he was not present on the trial of the case, nor any excuse why the defendant below did not make the usual affidavit.

Neither the charge given, and excepted to by defendant below, nor the charge refused to be given at his request were material under the issue before the jury, could not have changed the result, and the verdict of the jury was according to the law and the testimony. See *Hill* v. *Calvin*, 4 How.. (Miss.) R. 231; 4 S. & M. 193.

The plaintiff in error was entitled to no notice of protest. He was not an accommodation drawer, but a drawer for value. He had no funds in the hands of the acceptors at the time of the drawing, or any time after to the maturity of the bill.

Rhea, Sykes & Co. failed after the acceptance of the bill, and before its maturity. Harvey knew of this fact, and the dissolution of the partnership, before he shipped the cotton to Rhea. The cotton was shipped to Rhea individually.

Mr. Chief Justice SMITH delivered the opinion of the court.

This was a suit upon a bill of exchange, brought by the defendant in error against the drawer, in the circuit court of Lowndes county. There was a verdict and judgment for the plaintiff. A motion was made for a new trial and overruled, and the defendant filed a bill of exceptions to the decision of the court on the motion. The bill contains all the evidence which was offered on the trial.

The plaintiff offered no proof of notice to the drawer of the non-payment of the bill, but relied solely on the promise of the drawer to pay, made after the maturity of the bill, as a waiver of demand, and notice of protest.

The first exception taken by the plaintiff in error applies to the charge of the court given at the instance of the plaintiff below. The instruction is in the following words, to wit: "A promise by a drawer of a bill of exchange after its maturity, to pay the same or any part thereof, is a waiver by him of presentment to the acceptor, of demand of payment, and notice of protest." It appears to be settled that such a promise, where the party has been discharged by the laches of the holder, made with a full knowledge of such fact, will amount to a waiver. Story on Bills, p. 440, § 373; Chitty on Bills, ch. 10, p. 537; 5 S. & M. 51. Without such knowledge, a promise to pay would only amount to *primâ facie* evidence that all the acts necessary to charge such party had been duly performed. In the case at the bar, it was proved that the promise to pay by the defendant, was made with a full knowledge that the bill had not been protested. Hence, the charge was applicable to the facts before the jury, and stated the law correctly.

The charge given in lieu of the instruction requested by the defendant was correct; but we think that the court, notwithstanding, should have given the charge as requested by the defendant. A promise to pay generally, or a promise to pay a part, or a part payment made, with a full knowledge that he has been released from liability on the bill by the neglect of the holder, will operate as a waiver, and bind the party who makes it for the payment of the whole bill. Chitty on Bills, 540, ch. 10; *Margitton* v. *Arthur*, 3 Car. & Payne, 338.

In these cases the party making the promise, or part payment, becomes bound for the whole bill, upon the presumption that he intends to bind himself to that extent. But such a presumption cannot exist where the party, who is bound alone by his promise, expressly limits his liability to the payment of only a part. Chitty on Bills, ch. 10, 540, (notes.)

But for this error should the judgment be reversed? We think not. The verdict of the jury was correct according to the law and the facts.

The bill was drawn upon Rhea, Sykes & Co. of Mobile, and by them accepted for the accommodation of the plaintiff in

error, who at the time the bill was drawn had no funds in the hands of the drawers.    Rhea, Sykes & Co. failed some time before the bill matured, and the firm was dissolved.    Of this fact the plaintiff in error had notice, and shipped his crop of cotton to another house ; at least, all that he had ready in the fall, for market.    No cotton was shipped to the firm of Rhea, Sykes & Co., for the reason that no such firm existed.    Up to the time when this firm was dissolved, the plaintiff in error had no funds in the hands of the drawers.    It is manifest, therefore, that plaintiff was not entitled to notice of the non-payment of the draft.    The jury were not influenced by the instruction of the judge, and by that means induced to return an erroneous verdict.    They could not have found otherwise than they did.

Let the judgment be affirmed.