BUCKLEY vs. BENTLEY and BABCOCK.

Where an indorser, before the maturity of the note, waives *notice of protest,* by writing words to that effect over his signature on the back of the instru‹ ment, this will not amount to a waiver of *presentment* of the note to the maker at its maturity, and *demand of payment.*

Where an indorser wrote over his signature, "Notice of protest waived by me ;" *Held,* that there was no ambiguity in the words; the sentence they formed not being susceptible of more than one construction. And that its meaning or effect could not be legally enlarged or altered by evidence of the surrounding circumstances, of what occurred when it was written, or the understanding of the parties.

The making of a payment upon a note, after it becomes due, by the application of an account thereon, that the indorser has against the holder, of which application the indorser has notice, and to which he does not object, is not a waiver by him of presentment of the note to the maker and demand of payment, at maturity, in the absence of any finding that the indorser, at the time he assented to the indorsement of the amount of the account as a payment made by him, upon the note, knew that the note had not been presented, or payment demanded.

THIS action was brought upon a promissory note, which was in the words and figures following, *at the time it was given,* viz :

"$172.78.   One year after date I promise to pay to the order of Buckley, Sheldon & Co. one hundred and seventy-two dollars and seventy-eight cents, for value received.

Dated Butternuts, Sept. 9, 1859.

          (Signed)          WILLIAM D. BABCOCK.

(Indorsed on the back,)       WILLIAM C. BENTLEY."

Bentley alone defended the action.

The action was tried at the Otsego circuit in December, 1863, before a justice of this court, without a jury.

The evidence showed that Babcock and Bentley both resided at Butternuts, in the county of Otsego, and that the plaintiffs resided in the city of New York. That the note was given by Babcock and indorsed by Bentley for a debt the former owed to the plaintiffs. That before the note became due, at an interview between Bentley and the plaintiffs in the city of New York, the former wrote over his signature upon

the back of the note these words, viz: "Notice of protest waived by me." Twenty-five dollars had been indorsed upon the note, after it became due, by the plaintiffs, as paid by Bentley. It appeared that the $25, indorsed upon the note, was for an account Bentley had against the plaintiffs. Bentley was informed of the indorsement of the $25 by the plaintiffs upon the note, and never objected to the same. He subsequently wrote a letter to the plaintiffs respecting the note, in which he said, "There is $25 indorsed upon it as paid by me." That letter contained an offer by Bentley to pay the plaintiffs $75, if they would transfer the note to him.

Bentley testified that at the time he wrote that letter he had no knowledge but what the payment of the note had been demanded of the maker at maturity; that he never paid $25 on the note; that he never told the plaintiffs to apply any thing on his account on the note; that he never directed them to apply the $25 on the note, and never consented that they should apply that sum on the note. He admitted he received a letter from the plaintiffs stating that they had credited the $25 on the note; and he did not pretend he had ever objected to such indorsement.

The $25 indorsement was made upon the note after it became due, and the notice of the same was immediately given by the plaintiffs to Bentley. The note was not presented to the maker or payment thereof demanded of him at its maturity.

The judge received evidence, under Bentley's objection and exception, to reflect upon the intention of Bentley or show what it was, at the time he wrote the words over his name on the back of the note—"Notice of protest waived by me." The judge refused to nonsuit the plaintiffs, and Bentley excepted.

The judge found "as matter of fact from all the circumstances of the case as disclosed by the evidence, that at the time the defendant wrote over his indorsement, the waiver of notice of protest, it must have been, and was, the understand-

ing of both plaintiffs and defendant that a protest of the note would not be necessary or required, in order to charge the indorser." Bentley excepted to this finding. · The judge also found as matter of law that the plaintiffs were entitled to a judgment for the amount of the note, less the $25, indorsed thereon. To which Bentley excepted. ·

The judge did not find whether Bentley knew that payment of the note had not been demanded of Babcock, and that the note had not been presented to him for payment, at any time before the action was commenced.

After judgment was entered in favor of the plaintiffs, Bentley appealed therefrom to the general term of the court.

*Lewis Seymour*, for the plaintiffs. ·

*N. C. Moak*, for the defendant Bentley.

*By the Court*, BALCOM, J. There is no ambiguity in the words "Notice of protest waived by me," which the defendant Bentley, wrote over his signature upon the back of the note. The sentence they form is not susceptible of more than one construction, and its meaning or effect could not be legally enlarged or altered by evidence of the surrounding circumstances, or of what occurred when it was written. It was therefore the duty of the judge to ascertain its meaning and effect from the words used. The understanding of Bentley and the plaintiffs at the time the same was written, not manifested by the words employed, was wholly immaterial. The question was, what agreement did Bentley make with the plaintiffs by writing over his name, upon the back of the note, the words, "Notice of protest waived by me;" and not what agreement did he *intend* to make at the time he wrote them. In other language, the question before the judge was, did Bentley by writing those words over his name, waive presentment of the note by the plaintiffs at its maturity, to the maker, Babcock, and demand of payment thereof of him ? I am of the opinion he did not. Nelson J. used

Buckley *v.* Bentley.

the following language in *Backus* v. *Shipherd*, (11 *Wend.* 629 :) " The first question raised in the case, I believe, has not been decided by this court; but, as a general proposition, we have no hesitation in saying that a stipulation by the indorser of a note to waive *notice of demand* upon the maker, does not, according to the law merchant, dispense with the demand itself. They are distinct acts, and each a condition precedent to the right of recovery by the holder. The indorser, in waiving notice, may rely upon an assurance or conviction that the note will be paid by the maker, if demanded when due." (*See also, Coddington* v. *Davis*, 3 *Denio*, 22, 23 ; *Story on Prom. Notes, 5th ed.* § 272.) In the case of the *Berkshire Bank* v. *Jones*, (6 *Mass. Rep.* 524,) Parsons, Ch. J. said : " The defendant has argued that although he waived notice of a refusal of payment by the maker, yet he did not thereby dispense with a demand upon him ; for he might waive the notice from a confidence that the maker would pay the note on demand. This construction of the waiver we think correct." I concur in these views ; and according to them we must hold that Bentley only waived *notice* of presentment of the note to the maker and demand of payment of him at its maturity, and that he did not thereby release the plaintiffs from actually presenting the note to the maker and demanding payment thereof of him at its maturity.

I am aware that the supreme court of California held in *Matthey* v. *Gally and others*, (4 *California Rep.* 62,) that " an express waiver of notice of non-payment is equivalent to an admission that the note has been presented, or need not be presented." But I think the decision in that case is unsound, and that we ought not to follow it in opposition to the reasoning of Justices Nelson and Parsons, (*supra,*) which gives the words of the waiver their most natural and obvious meaning.

I do not doubt that the plaintiffs believed Bentley waived presentment of the note to the maker and demand of pay-

ment of him, as well as notice thereof, by the words he wrote over his signature; and it is possible that Bentley and the plaintiffs understood at the time the waiver was written that it had that effect, and intended it should so operate. But it can not be so construed without giving it a meaning which the obvious import of its language does not warrant. And, of course, it was an error so to construe it at the circuit.

The plaintiff's counsel has argued that the payment of $25, on the note after it became due, by the application of an account thereon that Bentley had against the plaintiffs, of which the former had notice and to which he never objected, was a waiver by him of presentment of the note to the maker and demand of payment thereof of him at its maturity, and renders Bentley liable for the whole note. But the judge has not found that Bentley knew the note had not been presented to the maker, or payment thereof demanded of him when he assented to the indorsement of the $25, as a payment by him upon the note. If Bentley knew these facts when he assented to that indorsement as a payment by him, there is authority for holding him liable for the payment of the entire note. (*See Levy* v. *Peters,* 9 *Serg. & Rawle,* 125; 1 *Fla. R.* 25, 34; 13 *La. R.* 419; *Shearer* v. *The Easton Bank,* 33 *Penn. R.* 134; 23 *Miss. R.* 538; 2 *Wash. C. C.* 514; 20 *Ill. R.* 557; 1 *Parsons on Notes and Bills,* 608; 23 *Wend.* 379; 5 *Hill,* 232.) But the judge has not found that Bentley had such knowledge, and we ought not to express any opinion upon the question. (*But see Whiting* v. *Burt,* 3 *N. Y. Legal Obs.* 33.) My conclusion is that the judge erred in holding that Bentley waived the presentment of the note to the maker and demand of payment thereof of him, by waiving *notice of protest ;* and that for this reason the judgment in the action should be reversed and a new trial granted, costs to abide the event.

Decision accordingly.

[BROOME GENERAL TERM, January 24, 1865. *Parker, Mason* and *Balcom,* Justices.]