## WILLIAM LINTZ, RESPONDENT, *v.* CHARLES N. HOWARD AND JULIETTE HOWARD, APPELLANTS.

*Bona fide purchaser for value—when the taking up of a note does not furnish a valuable consideration.*

The plaintiff to enable A. to raise money executed a note payable to A., taking back at the same time A.'s note for the same amount, which had not at the time of the trial of this action been surrendered or canceled. A. indorsed and sold the plaintiff's note, but when it became due, being unable to meet it, to induce the plaintiff to take it up gave him at that time a note for $1,000 made by the defendant, and the balance of his (the plaintiff's) note in cash. Plaintiff thereupon took up the note and still retains it with the name of A. indorsed thereon.

Previous to the transfer of the defendant's $1,000 note to the plaintiff, and before its maturity, the defendant sold certain goods to A. under an agreement that the price thereof should be applied on his (the defendant's) said note.

*Held,* in this action brought to enforce payment of the defendant's note that the plaintiff was not a *bona fide* holder for value, and that such note was subject in his hands to the deduction therefrom of the price of the goods sold by the defendant to A.

APPEAL by the defendants from a judgment, entered against them and in favor of the plaintiff, after a trial by the court without a jury.

*John L. Lindsay,* for the appellants.

*S. H. Thayer,* for the respondent.

First Department, September Term, 1879.

Ingalls, J. :

Although the facts were not very fully developed upon the trial, yet sufficient appears to enable us to gather the following as the history of the case. William Lintz, the plaintiff, to enable Joseph Eneas to borrow of George Ketchum $2,180, executed his promissory note payable to the order of Eneas for the above amount, who indorsed the same and delivered it to Ketchum, who advanced the money to Eneas. The plaintiff at the time received from Eneas a note for the same amount in exchange for the one which he had executed for the benefit of Eneas. The note which the plaintiff received from Eneas has not been surrendered or canceled. Eneas being unable to pay the money upon the note held by Ketchum when it became due, applied to the plaintiff to aid him in taking up the note, which was accomplished in the following manner. Eneas delivered to the plaintiff the following note in suit :

" $1,000. New York, *May* 1, 1874.
" Three years after date I promise to pay to the order of myself, $1,000, without interest, value received.
" CHARLES N. HOWARD."

" Indorsed — Pay J. Eneas, or order.
" Juliet Howard,
" Charles N. Howard,
" J. Eneas,
" William Lintz,
" *For Collection.*"

Eneas also delivered to the plaintiff his check for $1,180.23, upon which the plaintiff received the money, and with it, and other money which plaintiff advanced, took up the note held by Ketchum, and retains the same with the name of Eneas indorsed thereon. Previous to the transfer of the note in suit to plaintiff, but before the same became due and payable, Howard, the maker, sold and delivered to Eneas, while he was the owner of the note, goods to the value of $420, under an agreement by which the amount was to be applied upon the note in suit. The plaintiff

had no knowledge of such agreement when he received the note, and consequently the price of the goods could not be applied as a payment upon the note as against the plaintiff, if he can be regarded a *bona fide holder for value.* We fail to perceive wherein the plaintiff can be held to have parted with money or anything of value at the time he received the note in question. He received the note and check of Eneas, and took up the note held by Ketchum, which the plaintiff had executed, and upon which he was liable, and retains the three notes as his security. At the time the plaintiff accepted the note in suit he assumed no new obligation, but on the contrary the effect of the transaction was to reduce his liability, and to furnish him additional security. To prevent the application upon the note of the $420 as a payment the plaintiff was required to show that he received the note before maturity in good faith, and at the time parted with value upon the strength of receiving the same. (*Weaver* v. *Barden,* 49 N. Y., 287, 294; *Bay* v. *Coddington,* 20 Johns., 637; *Youngs* v. *Lee,* 12 N. Y., 555.) We deem the result inevitable upon the facts, and the law applicable thereto, that the price of the goods applied as a payment upon the note as against the plaintiff.

There is still another objection raised against the recovery, which is that the note was not properly protested so as to charge the indorser. We think this objection is well taken. There seems to be no proof that the notice was delivered to the indorser Juliet Howard, or that it was even mailed to her. The force of this objection is sought to be avoided, upon the ground that there was an offer of judgment in the action which had the effect to waive any defect in serving notice of protest. In order to constitute such a waiver it must affirmatively appear that the act, insisted upon as creating such waiver, was performed with a full knowledge of such defect. It might well be that the indorser was under the impression that such notice had been mailed, and had failed to reach her, or she may have had no recollection in regard to the matter until the evidence at the trial disclosed the defect. Again, by an express provision of the Code of Civil Procedure (§ 737), the offer was not comptent evidence upon the trial. (See also bearing upon the question of waiver, *Buckley* v. *Bentley,* 42 Barb., 646, 650.)

The judgment must be reversed and a new trial ordered, with costs to abide the event.

DANIELS, J., concurred ; BRADY, P. J., dissented.

Judgment reversed and new trial ordered, with costs to abide event.