THE FIRST NATIONAL BANK OF CHARLOTTE v. A. R. HOMES-LEY and others.

*Surety and Principal—Indulging Judgment against Principal—Notice by Sureties to Creditor.*

1. A creditor having obtained judgment against principal and sureties to a debt, and there being some real property of the principal in excess of the homestead, after the same was allotted, the neglect of the creditor to proceed to sell such excess, though orally requested so to do by the sureties, does not exonerate the sureties to the amount the land would have brought if sold.

2. Where the creditor merely remains passive, doing nothing detrimental to the surety, who can pay the debt and have the judgment assigned to a trustee, so as to place it under his control, the surety is not exonerated.

3. To get the benefit provided for sureties by Sec. 2097 of *The Code*, they must give the creditor notice in writing to bring suit, &c., and only he who gives the notice can claim the benefit, when there are more than one.

CIVIL ACTION, tried before *MacRae, J.*, at Fall Term, 1887, of the Superior Court of MECKLENBURG.

The First National Bank of Charlotte, organized and acting under the laws of the United States, at Fall Term, 1875,

recovered judgment in the Superior Court of Mecklenburg against the defendants, for the sum of $2,638.60, on their promissory note in general terms, while, in fact, the defendant A. R. Homesley was a principal, and the others sureties to the debt. A transcript of the judgment was sent to Gaston County, and docketed in the Superior Court of that county on the 27th day of February, 1876. At that time, the principal debtor owned land therein situated, estimated to be worth from twelve to fifteen hundred dollars, for which he had deeds, that had not then been registered, though they have been since. His exempt property, real and personal, was laid off and allotted to him on September 6th, 1876, in another county, and he has become insolvent.

After the docketing the judgment, the sureties Rudisill and Gidney requested the plaintiff to sue out execution and satisfy the debt by sale of said land, which it failed to do.

The defendants, who are sureties, insist that, by reason of the plaintiff's refusal, after being so required, to sue out execution and sell the land of their principal, thus subjected to the statutory lien, they are exonerated from liability to the extent of the sum which the sale of the land would have produced, and that in the present action to enforce the judgment, the plaintiff's recovery against them should be only for the residue of the debt.

The Court ruled against the claim for reduction, and upon the agreed facts entered judgment for the entire debt demanded, from which the sureties appealed.

*Mr. W. P. Bynum*, for the plaintiff.
*Mr. J. B. Batchelor*, for the defendants.

SMITH, C. J., (after stating the case). The only question before us, though other defences are set up in the answer, is as to the asserted equitable right to an abatement in the

plaintiff's demand to the extent claimed, in favor of the appellants.

It is a well settled rule in equity, aside from special legislation in this State for the protection of sureties, that while " forbearance or delay in collecting from the principal debtor, furnishes no ground on which the surety can ask for exoneration," yet " if the creditor do any act for the ease of the principal, without the privity of the surety, by which act the surety is injured or exposed to injury, that act may be laid hold of for the surety's relief." GASTON, J., in *Cooper* v. *Wilcox*, 2 D. & B. Eq., 90.

The same principle is stated by RUFFIN, C. J., in the opinion in a case decided at the next term, in these words:

"The surety is entitled to the benefit of every additional or collateral security, which the creditor gets into his hands, for the debt for which the surety is bound. As soon as such a security is created, and by whatever means, the surety's interest in it arises, and the creditor cannot, himself, nor by any collusion with the debtor, do any act to impair the security or destroy the surety's interest." *Nelson* v. *Williams*, Ibid., 118. To like effect, *Smith* v. *McLeod*, 3 Ired. Eq., 390. In *Forbes* v. *Smith*, 5 Ired. Eq., 369. A surety had, on application to the Clerk, caused an execution to issue on a judgment recovered against the principal and himself, which was levied upon certain slaves, that had belonged to the principal debtor, and were liable to be thus seized and sold, although they had been included in a conveyance, by way of marriage settlement, to the plaintiff, as trustee, which had not been registered, and was ineffectual against the writ. The plaintiff withdrew the process, returned it to the office, and directed that none other should issue without plaintiff's order. The right to do this, without impairing the liability of the surety, was declared, PEARSON, J., saying, that "all that the plaintiff (in the bill in equity), as surety, had a right to ask, under the circumstances, was the benefit of

having control of the judgment, provided he paid up the debt, and this he failed to do."

In *Thornton* v. *Thornton*, 63 N. C., 211, cited for the plaintiff, judgment was rendered in Cumberland County Court, against the principal debtor and his surety, their relations as such being therein distinguished, and the principal had property in other counties, to which the plaintiff himself would not direct execution to issue, nor allow the surety to have it done, for his relief. In the opinion, delivered by RODMAN, J., he uses this language: "The creditor is not bound to sue, or to use active diligence in collecting his debt out of the principal debtor. But if the creditor gives time to the principal debtor, that is, if by any valid contract he debars himself from the immediate prosecution of his remedy, or if he releases any security, which may have been acquired from the principal debtor, he thereby discharges the surety."

The doctrine extracted from these cases, where the creditor merely remains passive, doing nothing himself detrimental to the sureties, while the opportunity is afforded them, by paying the debt and having the judgment assigned to a trustee, so as to place it under their control, cannot be invoked for the relief of the sureties in this case. *Hanner* v. *Douglas*, 4 Jones Eq., 262; *Towe* v. *Newbold*, Ibid., 212.

The General Assembly has come to the relief of sureties, in cases not provided for in the pre-existing law, by requiring the creditor, at the instance of the surety who considers himself in danger of loss from his contingent liability, to bring suit and use reasonable diligence in making his money from the principal, and saving harmless the surety, at the hazard of losing his claim upon the latter, if negligent in doing so. *The Code*, § 2097.

To have the benefit of this enactment, and that there may be no controversy as to whether the demand is sufficient to have this effect, it must be a notice in writing, given to the

creditor, and its benefits are secured to such only as give the notice, if there be more than one surety.   *The Code*, § 2098.

But official bonds, or securities held as collateral, are excepted from the operation of the act; nor does it reach the present case, since the requirement of the sureties was verbal only, if in other aspects applicable to the present case.

There is no error, and the judgment is affirmed.

Judgment affirmed.