FARMERS' BANK OF ROXBORO v. R. E. COUCH, et al.

*Action on Note—Negotiable Instrument—Delay in Delivery—Liability of Sureties.*

1. Where a note made payable to a bank was executed and delivered by the principal maker to the president, who received it individually and not as president, and advanced the money thereon, but did not discount it immediately at the bank as he intended to do, and forgot to do so until two years thereafter; *Held*, that the note being eventually discounted by the bank, the delay did not vitiate it, nor render the delivery to the bank invalid, there being no evidence that the sureties were prejudiced by such delay.

2. Where a note made payable to a bank contained a provision that the sureties should remain bound, notwithstanding any extension of time to the principal, and notice of extension was waived, the fact that the note was not delivered to the bank for two years will not release the sureties.

---

BANK v. COUCH.

---

CIVIL ACTION, heard on appeal from a judgment of a justice of the peace, before *Starbuck, J.*, at January, 1896, Special Term of PERSON Superior Court. The action was on a note signed by R. E. Couch as principal and J. T. Walker and C. B. Brooks as sureties. The defendant Couch did not appeal from the justice's judgment. By consent, his Honor found the facts as follows :

" That the defendants Walker and Brooks signed the note sued on, which was as follows :

" $75.00          ROXBORO, December 20, 1892.

" Thirty days after date, I, R. E. Couch, principal, and J. T. Walker and C. B. Brooks, the other subscribers' sureties, promise to pay the Farmers' Bank of Roxboro, or order, seventy-five dollars, negotiable and payable at the office of the Farmers' Bank of Roxboro, with interest at the rate of eight per cent. per annum after maturity until paid, for value received, being for money borrowed ; tne said sureties hereby agreeing to continue and remain bound for the payment of this note and interest, notwithstanding any extension of time granted from time to time to the principal debtor, waiving all notice of such extension of time from either payor or payee ; and I do hereby appoint E. G. Thompson, cashier, my true and lawful attorney, to sell any or all collateral he may have in his hands to pay this claim if I should fail to do so when said claim falls due, after giving ten days' notice of his intention to sell the same, and pay any surplus that may remain to me.

" R. E. COUCH,<br>
" J. T. WALKER,<br>
" C. B. BROOKS."

Upon the back of said note is the following endorsement :

" Received in part payment of within eighteen dollars, February 6, 1893.

" That they signed said note as sureties of Couch, believing the note was to be delivered to and discounted at the

Farmers' Bank of Roxboro; that Couch handed the note
to C. S. Winstead on December 20, 1892; that said
Winstead as an attorney held certain claims for collection
against said Couch, and received the note from Couch in
satisfaction of said claims, and thereupon paid said claims
out of his own pocket; that Winstead was the president
of the bank; that in receiving the note Winstead acted
not for the bank but for himself; that he considered the
note as his individual property, but intended to immedi-
ately discount it at the bank; that he forgot to do so and
did not discount it at said bank until December, 1894;
that until that time none of the bank officials and officers,
other than Winstead, had ever heard of the note. That
the said defendant sureties never made any inquiry as to
the whereabouts of the note. That the defendant Couch
left the State in September, 1894. That when the note
was executed and when Couch left the State he had from
$500 to $1,000 worth of personal property."

Upon the foregoing facts the court was of opinion that
no valid delivery of the note was made so as to bind
defendant sureties. It was therefore adjudged that the
defendants, J. T. Walker and C. B. Brooks, go without day
and recover their costs.

The plaintiffs excepted, and appealed.

*Messrs. W. W. Kitchin* and *A. L. Brooks*, for plaintiff
(appellant).

*Messrs. Boone, Merritt & Bryant*, for defendants.

CLARK, J.: The note was signed in December, 1892, and
was made payable to the plaintiff bank. It was handed to
the president of the bank who received it individually and
not as president, and advanced the money for the amount
of the note, paying therewith certain claims in his hands
which he held as a lawyer against the principal in the

note.    The president intended to discount the note immediately at the bank, but forgot to do so till December, 1894. This, though delayed, was a valid delivery. *Parker* v. *McDowell*, 95 N. C., 219, and similar authorities relied on by the defendants do not apply, because, here, the note was eventually discounted by the payee bank, and suit is brought by it as a *bona fide* holder; nor did the temporary holding of the paper by Winstead and his advancing money on it, vitiate it.   1 Daniel Neg. Inst., Sec. 792. There is no evidence that the defendants, the sureties, were in anywise prejudiced by the delay; besides the note contains the following express stipulation, " the said sureties hereby agreeing to continue and remain bound for the payment of this note and interest, notwithstanding any extension of time granted from time to time to the principal debtor, waiving all notice of such extension of time from either payor or payee."   No agreement to extend time is shown, and certainly a mere delay (not amounting to the bar of the Statute of Limitations) cannot release the sureties when they have contracted that an express extension, though made without notice, shall not discharge them.    Upon the facts found, judgment should be entered below in favor of the plaintiff.

Reversed.