## A. W. TAYLOR v. R. C. BRIDGER ET AL.

(Filed 7 March, 1923.)

1. **Bills and Notes — Endorsers — Sureties—Forbearance—Notice—Statutes—Exoneration.**

    The requirements of C. S., 3967, are reasonably complied with when the holder of a negotiable note, after receiving notice in accordance with this section within thirty days causes the maker to be made a party defendant, and it is made to appear that he is a nonresident.

2. **Same—Stipulations as to Waiver.**

    Where there is an agreement in a negotiable note that the endorsers will continue to be bound notwithstanding an extension of time granted to the maker, the endorsers cannot avail themselves of the provisions of C. S., 3967, when the maker is a nonresident, demand for payment after dishonor has been made upon the resident endorsers, defendants in the action, and they have delayed to give the statutory notice until after action commenced.

APPEAL by defendants from *Horton, J.,* at October Term, 1922, of HERTFORD.

On 6 November, 1920, J. D. Cox, O. M. Ramier, J. H. Curtis, and J. H. Horton executed to the defendant R. C. Bridger the note sued on, which was endorsed by the other defendants, Horton and Jordan. Before maturity of the note the defendant Bridger endorsed same in blank to the plaintiff for valuable consideration.

Summons issued 28 April, 1922, against the original endorsers, Jordan and Horton and Bridger. After the summons was served and complaint filed, the defendant served notice on the plaintiff under C. S., 3967, to sue the makers of the note, and filed answer admitting the allegations in the complaint, and set up said notice as a plea in abatement, alleging in their answer that plaintiff and said makers were residents of the State of Virginia. The plaintiff in his reply denied being a resident of Virginia, but alleged that he was a resident of Hertford County. In said notice above named, defendants asserted insolvency of the makers of the note, and alleged their own solvency. After service of the notice on him, and within 30 days thereafter, the plaintiff caused the makers of the note to be made parties to this action, and caused summons to be issued against them, but the return of the sheriff showed that they were not to be found. Judgment was rendered against the defendants Bridger, Jordan, and Horton, who appealed.

*W. D. Boone for plaintiff.*
*R. C. Bridger for defendants.*

CLARK, C. J. The only question presented is whether the *quia timet* notice under C. S., 3967, would relieve the defendants of their obligation as endorsers of a note, the makers of which were nonresidents.

Independently of this statute, "Forbearance or delay in collecting from the principal debtor furnishes no ground on which the surety can ask for exoneration." *Bank v. Homesley,* 99 N. C., 531.

When the creditor fails to bring suit against the principal upon due notice by the surety or endorsers, there is an implied agreement to forbear which discharges the surety. On the face of the note here sued on there is an express waiver by the endorsers of any extension of time granted the principal, and this waiver denies him the right to invoke the statute, which raises only an implied extension of time to the principal. Since the waiver excuses an express agreement, it necessarily waives any implied agreement that can be inferred from the statute.

The statute requires a creditor to bring suit in "the appropriate court" (C. S., 3967), and to "use all reasonable diligence to save harmless the surety or endorsers." The plaintiff caused summons to issue against the principals in this note upon the demand of defendants that he bring suit against them, but he was unable to obtain service of process and the defendants then alleged that these parties were nonresidents. What greater diligence could the plaintiff use? The statute does not require that after bringing suit in this jurisdiction the action must abate until he goes to some foreign jurisdiction and brings there another action in which he cannot join the endorsers by reason of their nonresidence in that state. "The fact that a debtor lives in or has removed to another state is a lawful excuse for not instituting an action." 27 A. & E., (2 ed.), 515. It is immaterial whether the plaintiff is a resident of this State or not.

The defendants did not invoke the statute until after this suit was brought, although it is admitted in the pleading that demand had been made on them for payment of the note. Of course, they were in danger of loss unless they paid the note and proceeded against the principals. They assumed that danger when they endorsed the note and after suit was brought against them it was too late to serve notice under the statute.

Affirmed.