ELLA RASBERRY v. Z. V. WEST.

(Filed 1 November, 1933.)

**Bills and Notes F d—Waiver of notice printed in bold-face type in upper left-hand corner of note held binding on parties.**

A waiver of notice on a negotiable instrument is generally binding on the parties thereto, and it is generally immaterial where the waiver of notice appears on the instrument, and in this case a waiver of notice and consent to extension of time for payment without notice, printed in bold-face type on the upper left-hand corner of the instrument *is held* a valid waiver of the rights of the sureties upon an extension of time for payment granted the maker without notice.

APPEAL by plaintiff from *Harris, J.*, at May Term, 1933, of LENOIR. No error.

On 4 February, 1927, the plaintiff and the other two makers executed the following note:

"$3,225.00                          Kinston, N. C., 4 February, 1927.

On 1 January, 1928, after date, we promise to pay to the order of Z. V. West thirty-two hundred twenty-five and no 100 dollars at Kinston, N. C., with interest from date payable annually at 6 per cent per annum. Value received. This note is secured by deed of trust of even date recorded in county of Lenoir to F. I. Sutton as trustee.

W. O. Rasberry    (Seal)
Annie Rasberry    (Seal)
Ella Rasberry     (Seal)."

The note was written upon a printed form, and across the left-hand edge of the note, at right angles to the printed and written lines of the note hereinabove set out and within the border lines surrounding everything written and printed on the note, is printed in bold-face type the following: "Law Office of Sutton & Greene, Demand, Presentment, Protest and Notice of Protest waived; Consent to extension hereby given without other or further notice."

The plaintiff testified that she signed the note as surety for W. O. Rasberry to the knowledge of the defendant; that she owned a tract of land containing 117.73 acres which, together with land of W. O. Rasberry, was included in a mortgage securing the note; that without her consent the defendant had extended the time of payment for the benefit of W. O. Rasberry, the principal, and that her liability was thereby discharged and the mortgage on her land was released. The nature of the controversy is disclosed by the verdict, which is as follows:

1. Did the plaintiff, Miss Ella Rasberry, execute the note referred to in the complaint as surety of W. O. Rasberry? Answer: Yes.

2. Did the defendant, Z. V. West, know at the time of the execution of the same that Miss Ella Rasberry was signing and executing the same as surety? Answer: Yes.

3. Was the tract of land described in paragraph two of the complaint, containing 117.73 acres, embraced in the deed of trust to F. I. Sutton, trustee, as surety to the payment of $3,225.00 note referred to as having been executed on 4 February, 1927? Answer: Yes.

4. Did the defendant, Z. V. West, have knowledge of the fact that the said land was embraced in said deed of trust as surety to the payment of said note? Answer: Yes.

5. Did the defendant, Z. V. West, for valuable consideration, extend the time of payment of said note on 17 January, 1928, without the knowledge or consent of the plaintiff? Answer: Yes.

6. At the time of the execution of the note and deed of trust by the plaintiff, Ella Rasberry, on 4 February, 1927, was it agreed between her and the defendant, Z. V. West, that her liability was only to the maturity date of said note, the maturity being 1 January, 1928? Answer: No.

7. Is the plaintiff the owner of and entitled to recover of the defendant the tract of land containing 117.73 acres described in paragraph two of the complaint? Answer: No.

Judgment for defendant; appeal by plaintiff.

*Rouse & Rouse for plaintiff.*
*Sutton & Greene for defendant.*

PER CURIAM. The appellant presents the single question whether the extension of time alleged to have been given by the defendant to the principal in the note without the knowledge or consent of the plaintiff released her as surety on the note and entitled her to a cancellation of the mortgage on her land. The defendant argues that the question must be given a negative answer for two reasons: (1) The plaintiff is bound by the waiver of notice appearing on the face of the note; (2) the signer of a note, though known to the payee to be a surety, is not discharged under the negotiable instruments law by an extension of time to the principal granted without the knowledge or consent of the surety.

A waiver of notice is generally binding on the party who makes it. *Shaw v. McNeill*, 95 N. C., 535; *Bank v. Johnston*, 169 N. C., 526; *Exchange Co. v. Bonner*, 180 N. C., 20; *Taylor v. Bridger*, 185 N. C., 85.

In her brief the appellant makes no reference to the waiver of notice of an extension of time, but we assume the position to be that as it was written "across the left-hand edge of the note" it is not to be considered a part of the contract. We understand the law to be otherwise. The principle is thus stated in 3 R. C. L., 866, sec. 50: "It is well settled that anything written or printed on a negotiable instrument prior to its issuance relating to the subject-matter of the instrument, and tending to restrain or qualify it, must be regarded as part of the contract intended to be evidenced thereby, and is to be given due weight in its construction. The force of words and memoranda on commercial paper is not to be determined by the part of the instrument upon which they may chance to be written. It cannot be material where the memorandum is found, whether on the front or on the back of the instrument, or above or below the signature." In *Shaw v. McNeill, supra,* it was said that the words "no protest" written on the margin of a draft must have been put there with an object; that is, to dispense with the notice of presentment and refusal to pay, and that otherwise it would be unmean-

ing. It is generally held that marginal notations placed on a bill or note at the time it is executed, with the intention of making them a part of the contract, must be construed with the body of the instrument and become a substantive part of the bill or note. 8 C. J., 191, sec. 323; Annotation, 13 A. L. R., 251; *Walters v. Rogers,* 198 N. C., 210; *Fitts v. Grocery Co.,* 144 N. C., 463; *Bank v. Couch,* 118 N. C., 436. The plaintiff cannot disregard the express provision of her contract and thereby procure the discharge of her note and the cancellation of her mortgage.