The plaintiff was a fire insurance agent. He sold the defendant a policy of insurance in the Great National Insurance Company of Newark, N. J., on certain tobacco barns. The plaintiff settled with the company for the premium and extended credit therefor personally to the defendant. There was a loss under the policy and the defendant made claim on the insurance company, which issued its draft covering the loss. The draft was given to the plaintiff by the company's claim agent and was delivered to the defendant on 20 November, 1931. In *Page 911 
the afternoon of the same day the defendant's wife paid the plaintiff $21.26 the amount of the premium. A few days afterwards for the purpose of identifying the defendant and at his request the plaintiff endorsed the draft in blank under the payee's endorsement and left it with the defendant. The plaintiff had no pecuniary interest in the draft. The defendant presented the draft endorsed by himself and the plaintiff to the Branch Banking and Trust Company in Goldsboro, who paid the draft upon the strength of the plaintiff's endorsement. The draft was sent by the bank of Goldsboro for collection in the usual course and was returned unpaid. The plaintiff immediately notified the defendant who refused to reimburse the plaintiff and the plaintiff brought suit against the defendant, as prior endorser, to recover the sum of $150.00, the amount of the draft which the plaintiff had paid for the benefit of the defendant.
The issue, "In what amount, if any, is the defendant indebted to the plaintiff?" was answered, "$150.00 with interest from 8 December, 1931." His Honor charged the jury as follows: "If you find the facts to be as testified to by all the witnesses you will answer this issue $150.00 with interest from 8 December, 1931." Judgment for plaintiff; exception and appeal by the defendant.
The plaintiff's production of the draft in the trial was evidence of its nonpayment by the drawer. It contained a waiver of protest which was binding upon all parties — a waiver of formal protest, of presentment, and dishonor. Shaw Bros. v. McNeill, 95 N.C. 535; Rasberryv. West, 205 N.C. 406.
We are of opinion that none of the appellant's exceptions to the admission or rejection of evidence can be sustained. Upon examination of the whole record we find.
No error.