FOR THE

COUNTY OF CALEDONIA.

August Term, 1850.

———

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. LUKE P. POLAND,

———

Moses Buchanan & Co. *v.* McLean Marshall.

The indorsement of a promissory note, waiving *notice,* does not excuse the indorsee from demanding payment of the maker in due time; and if such demand be not made, the indorser will be discharged.

Assumpsit, declaring against the defendant as indorser of a promissory note, executed by one Heath and made payable to the defendant, and by him indorsed to the plaintiffs, waiving notice. Plea, the general issue, and trial by the jury, June Term, 1849,—Poland, J., presiding.

On trial the plaintiffs proved the execution of the note by Heath, and the indorsement and delivery of the note, for a valuable consideration, April 23, 1842, by the defendant to the plaintiffs, " waiving notice." The plaintiffs also proved, that the defendant, *immediately* after the indorsement, left this state and went to the state of Maine, where he remained until the autumn of 1842 ; that Heath, July 23, 1842, paid to the plaintiffs a part of the amount due upon the note, which was indorsed thereon ; and that about a month previous to that time the plaintiffs, who resided in Groton, Vermont, wrote to Heath, who resided in Barton, in Vermont, notifying him that they owned the note and requesting payment,—which letter was received by Heath in due course of mail. It farther appeared, that, at the time Heath made the payment, the plaintiffs agreed with him, that they would wait for payment of the residue until the next autumn,— but that there was no consideration for the agreement,—and that the plaintiffs accordingly waited, but before autumn Heath became insolvent and has ever since continued so.

The court decided, that the plaintiffs, upon this evidence, were not entitled to recover, and directed the jury to return a verdict for the defendant. Exceptions by plaintiffs.

*A. Underwood* for plaintiffs.

The making of the indorsement, *waiving notice,* took the case out of the law merchant, so far as to supersede the necessity of a *demand.* A demand could be of no service to the indorser, having waived the notice back. The waiver of notice on the part of the indorser was in effect an agreement on his part, that he would see that the note was paid.

*S. Austin* for defendant.

Demand upon the maker is necessary, though notice back be waived by the terms of the indorsement. 1 McCord 339. *Berkshire Bank* v. *Jones,* 6 Mass. 524. Chit. on Bills 507. The agreement to wait upon the maker for payment discharged the indorser. Chit. on Bills 500–508.

The opinion of the court was delivered by

REDFIELD, J. The defendant's agreement, at the time of indorsing the note, to waive *notice* presupposes, that he did not intend to waive demand upon the maker ; and there is nothing in the case to excuse the demand upon the maker. The defendant was thereby discharged. There is no necessity to determine the other point in the case ; but there is a case in Pickering's Reports, which decides, that, under such a state of facts, the indorser is exonerated by the naked agreement to wait, if in the mean time the maker or surety become insolvent.

Judgment affirmed.