### PORTER *vs.* KEMBALL, impleaded with Godfrey.

The defendants, on the transfer of a customer's note to the plaintiff, agreed to indorse it and waive demand and notice, and thereupon made the following indorement thereon, signed by them, in their firm name: "I waive demand of protest." *Held* that the language of the indorsement might be construed as implying an intention to waive both demand and notice.

*Also held,* that if the language of the indorsement was too indefinite and uncertain to express a legal contract, the plaintiff might resort to parol evidence to establish one, not inconsistent with the written indorsement.

THIS action was originally commenced before a justice of the peace of Jefferson county, against Thomas Graham, Daniel S. Kemball and Jane E. Godfrey, upon a promissory note made by Graham, February 1, 1861, for $55.99, payable to the order of Jane E. Godfrey & Co. at the Black River Bank, and indorsed to the plaintiff in the following words: "I waive demand of protest. (Signed) Jane E. Godfrey & Co."

The plaintiff recovered judgment in the justice's court, against the indorsers, for $79.71 damages and costs. The name of Thomas Graham was dropped out, but it does not appear at what stage of the proceedings. The defendant Godfrey, who was the only one served with the summons, appealed to the county court of Jefferson county, and the action was tried before the county judge and a jury, at Watertown, on the 8th day of July, 1867.

The evidence before the county court tended to prove that Jane E. Godfrey and Daniel S. Kemball were co-partners in a dry goods store at Sacket's Harbor, and that one William J. Godfrey, the husband of Jane E. Godfrey, was their general managing agent in carrying on the business, neither of the partners taking any charge of it. Thomas Graham was a customer at the store, and gave the note in question in settlement of his account. William E. Godfrey took the note to Kemball, the defendant, and the defendant requested him to take it to Mr. Millington and to Mr. Porter, the plaintiff, and see if one of them

would not cash it. Mr. Godfrey took it first to Mr. Millington, and failing to induce him to buy it, took it to the plaintiff, got it cashed, and applied the proceeds to the use of the firm.

The plaintiff, on the trial, offered to prove that at the time of the transfer of the note, he refused to cash it, unless the firm would waive everything necessary to charge them as indorsers. This evidence was rejected by the judge, and the plaintiff excepted. The same proposition was repeated, with some variations, one of which was that the indorsement was made for the purpose of waiving both demand and protest. The evidence also tended to prove that Mr. Godfrey, immediately after he got the note cashed, informed Kemball, the defendant, of what he had done, and told him that Porter was not willing to take the note, not knowing the maker, but was willing to let the company have the money if they would be responsible, and would waive protest and make him no expense; and that he had done so, and Kemball made no objections.

After the evidence was closed, the defendants' attorney moved for a nonsuit, upon the following grounds :

1. There was no contract of indorsement between the parties. 2. There is no evidence of demand of payment, and the writing on the back of the note does not amount to a waiver of demand and notice. It was also objected that the writing on the back of the note was without authority. The motion was granted, and the plaintiff appealed.

*William F. Porter*, for the appellant.

*Reynolds & O'Brien*, for the respondent

*By the Court*, MORGAN, J. The evidence given, taken in connection with what was offered on the trial, (which,

Porter *v.* Kemball.

for the purposes of argument, may be regarded as though it had been received by the judge,) plainly establishes the fact that the plaintiff, at the time he discounted the note, required Mr. Godfrey to indorse it in the name of the firm, and to waive demand and notice of protest; so that, in the language of the offer of evidence by the plaintiff, the indorsers should " waive everything necessary to charge them as indorsers;" and that the writing on the back of the note was intended to embody that agreement; that afterwards Godfrey informed the defendant what he had done, and the latter made no objection whatever.

As to the authority of Godfrey to indorse the note in the name of the firm, and waive protest, it is not necessary to resort to his general authority as managing agent of J. E. Godfrey & Co., for there is evidence that the defendant requested him to apply to the plaintiff to discount the note, and that the defendant was fully informed of the indorsement and waiver of protest, and made no objections.

The question is, whether the indorsement, by its own terms, amounts to a waiver of demand and notice, and, if not, whether it can be helped out by the parol evidence.

It is the duty of courts of justice to construe an instrument so as to give it effect, if possible, rather than to allow it to become inoperative. Now it may be asked, what the writing on the back of the note means. Its language is, " *I waive demand of protest.*" It presents a sort of ambiguity, and construed literally, does not in appropriate terms waive either demand or notice. If we read it as meaning only waiving demand, then we must reject the last two words. But there is no more reason for rejecting them than there is for rejecting the two preceding words, in which case the waiver of protest would be sufficient to excuse both demand and notice. The most reasonable construction is, that the indorsers waive demand that the note should be protested, or in other words, they agree that they will not demand

protest of the note. The language is, "I waive demand of protest." This is substantially saying that the note need not be protested. The defendant, in the absence of such agreement, had a right to demand that the note should be regularly protested; but I think he has virtually waived it. This is the only construction consistent with the language employed, and it will give effect to the instrument without doing violence to its language.

That the waiver of protest, when applied to an inland bill of exchange or note, will be construed as a waiver of both demand and notice, seems to be well settled by the authorities. (2 *Pars. on Notes and Bills,* 578, 579. *Coddington* v. *Davis,* 1 *Comst.* 186.) In *Coddington* v. *Davis,* (*supra,*) the language of the waiver was not very different from the language used in the case at bar. The indorser wrote to the holder, saying: "Please not protest," &c. * * "and I will waive the necessity of the protest thereof;" which is little if anything more than saying he would "waive demand of protest."

It is not essential that a waiver of protest should be direct and positive, but any words which by fair and reasonable construction imply an intent to waive demand and notice, will have this effect. (1 *Pars. on N. and Bills,* 576.)

On the whole, I am of opinion that the language of the waiver indorsed on the note fairly implies an intention to waive both demand and notice.

If, however, the court should be of opinion that the indorsement fails to carry out the intention of the parties, and cannot be construed into a waiver of demand and notice, then the question remains, whether the parol evidence was admissible to show that at the time of the indorsement it was agreed that the indorsers should be absolutely bound for the payment of the note without the usual demand and notice. This question is discussed by the author already referred to, (1 *Pars. on Notes and Bills,* 584, *&c.*) and he comes to the conclusion that the law

seems quite clearly settled, that a parol promise to pay, made by the indorser to the indorsee at the time or subsequent to the indorsement, may be given in evidence to prove a waiver of demand and notice. Thus in *Boyd* v. *Cleveland*, (4 *Pick.* 525,) the holder having remarked to the indorser that he had no confidence in the other parties to the note, and would look wholly to him, and the indorser having promised to take up the note when it was due, if not paid by any other party to it, it was held a waiver of notice. (*And see other cases cited in notes,* 1 *Pars. on Notes and Bills,* 584, 585.)

It is claimed by the respondent's counsel that parol evidence was not admissible to vary the legal effect of the writing on the back of the note. This proposition of the learned counsel cannot be disputed; but when we assume that the writing expresses in legal language the intent of the parties, there is nothing left for the parol evidence to supply. It is only upon the ground that the language of the writing fails to express a legal contract, that parol evidence can be resorted to. If the language of the writing indorsed upon the back of the note is without legal signification, then a waiver of demand and notice may be shown by parol, the same as though nothing had been written. The parol evidence offered plainly proves a waiver both of demand and notice. Does this contradict or vary the effect of the writing on the back of the note? If so, the evidence is clearly inadmissible. And thus we come back to the legal effect of that writing; and adopting the defendant's construction it is simply a waiver of demand, and not of notice, to the indorsers. This construction we refuse to adopt, and we say the writing either contains sufficient to waive demand and notice, or it fails entirely to express the intention of the parties. Doubtless we must reject the defendant's construction of the legal effect of the writing, or we shall be obliged to assent to the correctness of the decision of the judge, in exclud-

ing the evidence and in dismissing the complaint. But rejecting the defendant's construction of the contract, the plaintiff is entitled to recover, whether we rest the case upon the language of the writing, or, rejecting this as unmeaning, resort to the parol evidence which was excluded by the judge on the trial, and which, if admitted, would have doubtless proved an absolute agreement on the part of the indorser to waive both demand and notice.

The judgment should be reversed and a new trial granted; costs to abide the event.

Ordered accordingly.

[ONONDAGA GENERAL TERM, January 7, 1868. *Foster, Mullin* and *Morgan,* Justices.]