SARAH E. CARPENTER, EX., *et al. v.* JOHN R. REYNOLDS.

42　807<br>f76　84

1. PROMISSORY NOTES: "PROTEST WAIVED," MEANING OF. — The terms "protest waived," when used with reference to a promissory note, means the taking of such steps as the law requires to charge an indorser.

ERROR to the Circuit Court of Adams county. Hon. James Smiley, judge.

*Bullock & Walworth,* and *W. P. Harris,* for plaintiffs in error, cited: *McGender* v. *Union Bank,* 3 Peters, 90; 2 Greenleaf, § 190; *Wall* v. *Bry,* 1 La. An. Rep. 312; *Gray* v. *Bell,* 2 Rich. Rep. 67; Story on Bills, §§ 230–232; 3 Kent's Com. 146.

*Geo. L. Potter,* for defendant in error, cited: *Coddington* v. *Davis,* 3 Denis, 2485; *Union Bank* v. *Hyde,* 6 Wheat. 575; *Commena* v. *Mix,* 15 La. 166; 20 How. 500.

PEYTON, J., delivered the opinion of the court.

This was an action of assumpsit instituted in the Circuit Court of Adams county by the defendant in error against William H. Forbes, Isaac Lum, and plaintiff in error, on a promissory note made by said Forbes and Lum for $12,544, dated the 29th of January, 1862, and payable twelve months after date to the order of said Forbes, who indorsed and delivered the same to Ira Carpenter, who indorsed the same as follows: "Protest waived, and I hold myself liable as indorser. Jany. 30, '63."

The note and the indorsements thereon were given in evidence to the jury, who found a verdict for the defendant in error against the makers and the plaintiff in error as executrix of the last will and testament of the said Ira Carpenter deceased. The defendants below made a motion for a new trial,

which was overruled by the court, and judgment rendered against them for the sum of $15,886$\frac{73}{100}$. From this judgment, the case comes here by writ of error on the part of the plaintiff, who assigns for error that the court below erred in overruling the motion for a new trial and rendering judgment against the plaintiff in error.

The construction of the indorsement of Ira Carpenter is the only question in the cause presented for our consideration. A liberal construction should be put upon written instruments, so as to uphold them, if possible, and carry into effect the intention of the parties. And too much regard ought not to be had to the usual or technical signification of words or sentences, where it is clear the result would be to frustrate the design of the parties.

The term "protest," in a strict technical sense, is not applicable to promissory notes. It was not necessary, in order to secure the liability of the indorser, that the note should be protested. The only things necessary for this purpose, on the part of the owner of the note, were demand of payment of the makers and notice of non-payment to the indorser. The protest to which the indorser alluded was something necessary to be done. It could not, therefore, be a memorandum or declaration made by a notary, because neither of them was required. Nor could he have intended to waive that which, whether performed or omitted, would in no manner affect his rights. The word, however, has by general usage acquired a more extensive signification, and in a case like the present, includes all those acts which by law are necessary to charge an indorser of a promissory note. When among men of business a note is said to be protested, something more is understood than an official declaration of a notary. The expression would be used indifferently to indicate a series of acts necessary to convert a conditional into an absolute liability, whether those acts were performed by a mere clerk or a public officer.

The terms "protest waived," when used with reference to a promissory note, is waiver of both demand and notice; because the word "protest," although in its strict sense applicable to a

foreign bill alone, yet in ordinary language means the taking such steps as the law requires to charge an indorser.   We think this the better view for several reasons: because we think this best accords with the understanding and intention of the parties; because there is no good reason why a written instrument, purporting to constitute a waiver, should be construed differently from other instruments, and from analogy to the cases respecting the form of notice, where the word "protest," used with reference to a note or inland bill, by the weight of authority, means that the ordinary steps have been taken with regard to the note to charge the indorser.

For these reasons, we think the court below did not err in overruling the motion for a new trial.

The judgment must therefore be affirmed.