WILLIAM PORTER, Respondent, *v.* DANIEL S. KIMBALL, impleaded, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, NOVEMBER, 1870.)

It seems that the burden of proving a cause of action within the statute of limitations is cast upon the plaintiff, where the defendant sets up the statute as a defence.

The true time of filling up a process, and of placing it in the officer's hands for service and of its service, may, it seems, be shown by extrinsic proof irrespective of the date of the process. and of the return indorsed thereon.

The return of a justice to the County Court, showing the time of the issue and return, of service of the summons, is *prima facie* evidence of the time of the commencement of the action in the trial upon appeal in that court,.

Porter v. Kimball.

The decision in this case upon former hearing at General Term (53 Barb., 467) reaffirmed.

THIS was an appeal by the defendant from the judgment entered on a verdict had in the County Court of Jefferson county, upon trial on appeal from a justice of the peace.

The plaintiff sued in the Justice's Court, upon a note given by the defendant, Graham, to the firm of J. E. Godfrey & Co., for some fifty-six dollars, and indorsed as follows: "I waive demand of protest. J. E. Godfrey & Co." The defendant pleaded a general denial and the statute of limitations. There was judgment of nonsuit, and an appeal for a new trial to the County Court, where the plaintiff recovered judgment for the amount claimed. An exception was taken to the admission of testimony as stated in the opinion.

The return of the justice showed that the suit had been commenced May 1, 1867, by the issuing of a summons, and its return personally served on the 4th of May.

*D. O'Brien*, for the appellant.

*P. C. Williams*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. All the questions now raised in regard to the legal signification and effect of the words, "I waive demand of protest," indorsed on the back of the note at the time the same was indorsed by the defendant's firm and transferred to the plaintiff, and as to the admissibility of parol evidence of the agreement on the subject of the waiver of demand and notice of non-payment between the defendant's firm and the plaintiff before the indorsement was made, were before the General Term of the fifth district, and were decided when this case was before it on a previous motion for a new trial, which was then granted. The case is reported in 53 Barb., 467. The questions in that regard were identical with those now raised; and the former decision

must be regarded as the law of the case, unless it is so clearly erroneous tnat we should reverse it, had it been made by us. This we should not do in this case. But we do not attempt to review it. We have adopted this principle to preserve, as far as practicable, the uniformity of decisions in this court, and to avoid all unnecessary and embarrassing conflict in its decisions.

The question in regard to the statute of limitations, having run against the note before the action was brought, does not seem to have been before the court on the former motion.

The defendant, upon the trial, contended, that, he having pleaded the statute of limitations, the burden was upon the plaintiff of showing that the action was in fact commenced before the six years had run against the note. This was formerly the rule upon a traverse by the plaintiff of the plea of the statute. (2 Greenl. Ev., § 431, and cases there cited.) The same rule must apply to pleadings under the Code, where the answer is deemed to be in issue, without any formal traverse.

The plaintiff was allowed, against the defendant's objection, to show, by his own testimony and that of the constable, when the summons, by which the action was commenced, was in fact issued and served.

To the ruling admitting this testimony the defendant's counsel excepted. The defendant's counsel insisted that such fact could only be shown by the production of the summons, with the constable's return upon it, showing the time of the service. This position cannot be sustained. The true time of filling up a process and placing it in the officer's hands for service may be shown by extrinsic proof, irrespective of the date of the process. (2 Greenl. Ev., § 131, and cases cited.) The evidence was, therefore, properly received. But independent of this evidence, the time of the commencement of the action appeared in the record before the court. The return of the justice was the record upon which the County Court was proceeding to try the action. By the return it appeared that the summons was issued the 1st of May, 1867, returnable

on the 10th, and was returned, as having been served personally, by the constable, on the 4th of the same month. The note was dated the 1st of February, 1861, and was payable three months after date. Consequently the 4th of May, 1867, was the last day of the six years. Before the justice, unquestionably, he having the note, and the summons by him issued, with the return of service thereon, indorsed by the constable before him, it appeared, without other or further proof, that the action had been commenced before the expiration of the six years. The return of the justice before the County Court was, I think, *prima facie* evidence of the time when the action was commenced, the same as the summons and return were before the justice. But whether this is so or not, the parol evidence as to the day the summons was placed in the hands of the constable, was properly received. The judgment must, therefore, be affirmed.

Judgment affirmed.