PETER WOLFORD *vs.* THOMAS F. ANDREWS.

June 21, 1882.

Promissory Note—Waiver of Protest.—An indorsement on a promissory note, "For value received I waive notice and protest, and guarantee payment," is a waiver of demand and notice.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Vanderburgh*, J., without a jury.

*Morrison & Hahn,* for appellant.

*Wilson & Lawrence,* for respondent.

GILFILLAN, C. J.* The action is brought upon defendant's indorsement upon a promissory note, made by Samuel Stanchfield, payable to defendant's order, and by the latter indorsed to plaintiff in this manner:

"For value received I waive notice and protest, and guarantee payment.                              THOMAS F. ANDREWS."

The defendant might be held on this as a guarantor, and without reference to the question whether his liability as indorser was or became absolute. But the question, can he be held as an indorser, is presented, and we will decide the case on that point. There was no demand upon the maker, nor notice of non-payment to defendant, and the question arising is, was such demand and notice waived by the terms of the indorsement? It has been held that such waivers are to be strictly construed, and not extended beyond their necessary import. But they must be held to mean something; the parties must be supposed as intending to dispense with the doing of some act which would otherwise be necessary for the holder to do to fix the liability of the indorser. Using the word "protest" in its strict sense, and it is unnecessary in the case of a promissory note. In that sense, to protest a note is a useless act. All that is required to charge the indorser is due demand, non-payment, and due notice.

*Vanderburgh, J., having tried the case in the district court, took no part in the decision of this appeal.

Notice is here expressly waived, non-payment is conceded, and unless the parties are held to have used the word "protest" as referring to an act not necessary to be done or waived, it can refer only to the demand.

Protest includes, in a popular sense, all the steps taken to fix the liability of a drawer or indorser. 2 Daniel on Neg. Inst. § 929; *Coddington* v. *Davis,* 3 Denio, 16; S. C. 1 N. Y. 186. And where there is nothing else in the waiver to limit the meaning, the word must be taken as used in that sense, whether applied to foreign or domestic bills, or to promissory notes. 2 Daniel on Neg. Inst. §§ 1094, 1095; *Coddington* v. *Davis, supra; Porter* v. *Kemball,* 53 Barb. 467; *Hood* v. *Hallenbeck,* 7 Hun, 362; *Carpenter* v. *Reynolds,* 42 Miss. 807; *Jaccard* v. *Anderson,* 37 Mo. 91. The waiver was sufficient.

The other defence is equivalent to the defence of payment, which is claimed to have been brought about in this way: Samuel Stanchfield, the maker of the note, by a deed absolute in its terms, transferred to this plaintiff the standing pine timber upon a large quantity of land. Stanchfield having died, his administrator brought suit against this plaintiff, claiming that said deed was executed only as security for any debts then owing, or which thereafter might accrue, from Stanchfield to this plaintiff; that this plaintiff had received from the proceeds of such timber sold by him more than enough to pay all debts due him from Stanchfield, and demanding that the deed be declared a mortgage; that an account be taken; that if anything remained due to this plaintiff he, the administrator, be permitted to redeem; and that this plaintiff transfer the timber remaining to him. The court, in that action, adjudged the deed to be a mortgage, and directed an account to be taken. The account was taken, showing a large balance in favor of this plaintiff. The court made no appropriation of the moneys which had been received to any specific debts. Applying the moneys as received upon the debts first due, there was not enough to satisfy those falling due before the note in suit. The defence of payment was therefore not made out.

Judgment affirmed.