HARRY LOCKWOOD vs. WALTER W. I. BOCK et al.

Argued May 19, 1892.  Decided June 10, 1892.

Protest and Notice Waived after Maturity.

The condition of demand of payment and notice of nonpayment of a promissory note may be waived or dispensed with by an indorser as well after as before maturity.  No new consideration is needed to support such waiver.

Waiver, how Construed.

Where it is indorsed in writing upon the note, the language used must be construed like that of any other instrument, so as to give effect to the intention of the parties; and, where the instrument on its face shows such waiver, no extrinsic proof that the indorser knew that he had been previously discharged is necessary.

Appeal by Walter W. I. Bock, one of the defendants, from a judgment of the District Court of Ramsey County, *Kerr*, J., entered April 25, 1891, in favor of plaintiff, Harry Lockwood, for $533.23.

Edwin C. Putnam, one of the defendants, on February 12, 1887, made his four promissory notes for $110 each, and interest, payable two years thereafter, to defendant Bock or order, and delivered them to him.  He soon after sold, indorsed, and delivered the notes to plaintiff.  The notes fell due, but were not presented, paid, or protested, or notice of nonpayment given.  Afterwards Bock, without any new or further consideration, waived protest and notice of protest, by writing those words on the back of each of the four notes.  At the trial plaintiff moved for judgment on the pleadings.  Bock then asked to amend his answer by inserting an allegation, that at the time of making the waiver, he was ignorant of the fact that the notes were not presented at maturity for payment, and did not know that payment was not demanded, and that notice thereof was not given him.  The court refused to allow the amendment and ordered judgment for plaintiff.  Judgment was entered and defendant presented a bill of exceptions which was settled and signed, and he appealed.  Putnam did not answer.

*Brown & Schrader,* for appellant.

It was necessary to allege and prove that the indorser, with knowledge of the failure to make demand and give notice, waived his legal right. *Michaud* v. *Legarde,* 4 Minn. 43, (Gil. 21;) *Salisbury* v. *Bartleson,* 39 Minn. 365; *Dolph* v. *Rice,* 18 Wis. 397; *Low* v. *Howard,* 10 Cush. 159; *Edwards* v. *Tandy,* 36 N. H. 540; *Hunt* v. *Wadleigh,* 26 Me. 271; *Thornton* v. *Wynn,* 12 Wheat. 183; *Ballin* v. *Betcke,* 11 Iowa, 204; *Freeman* v. *O'Brien,* 38 Iowa, 410.

*Stringer & Seymour,* for respondent.

A waiver of demand or notice is not a new contract; it is only a waiver of one of the conditions precedent to his liability, and does not therefore require any new consideration to support it; and such waiver may be made as well after dishonor as before. *Worden* v. *Mitchell,* 7 Wis. 161; *Rindge* v. *Kimball,* 124 Mass. 209; *Wolford* v. *Andrews,* 29 Minn. 250; 2 Daniel, Negot. Inst. § 1147a; 2 Edwards, Bills, § 851.

The language of the waiver was sufficient if made after maturity. *Drake* v. *Sigafoos,* 39 Minn. 367.

VANDERBURGH, J. The question of defendant's liability as indorser upon the notes sued on is raised on the pleadings. Defendant was the payee, and indorsed and transferred the notes to the plaintiff. It is not alleged in the complaint that any demand of payment was made or notice of dishonor given, but it is alleged that the defendant expressly waived in writing indorsed on the back of each of the notes, "protest and notice of protest." Defendant in his answer admits the waiver to have been indorsed by him in the form stated, but alleges that it was made without consideration, and after the maturity of the notes.

It is now well settled that no new consideration for a waiver, made after maturity, is necessary. It is held to be, in effect, a waiver of a condition precedent to the liability of the indorser, and such condition may be waived or dispensed with by the indorser as well after as before maturity. 2 Daniel, Neg. Inst. § 1147a; *Worden* v. *Mitch-*

*ell,* 7 Wis. 167; *Yeager* v. *Farwell,* 13 Wall. 13.    Where, as in this case, the waiver is, in express terms, made on the note by the indorser, it is to be construed like any other instrument, so as to give effect to the intention of the parties as expressed by the language used, (2 Edw. Bills & N. §§ 850, 851;) and the language used in this case shows that the defendant intended to waive, and did waive and dispense with, the condition of demand and notice which he might otherwise have insisted on.    *Wolford* v. *Andrews,* 29 Minn. 251, (13 N. W. Rep. 167.)

It will also be construed a waiver without proof of extrinsic facts in respect to his knowledge of the absence of previous demand and notice.    In the case of an express waiver, there can be no question of his intention, or any presumption, in the first instance, that it was made under a mistake of facts, and a misapprehension of his legal rights in the premises.

There was no abuse of discretion by the trial court in refusing the amendment to the answer.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 391.)