WILLIS P. TIMBERLAKE *v.* HENRY L. THAYER.

1. WITNESSES. *Rule excluding from hearing others.*

Where the rule excluding the witnesses from hearing the evidence
has been invoked, if it appear that one called to testify has not
heard the evidence already introduced, it is error to refuse to
receive his testimony, although he himself has not been under the
rule.

2. PROMISSORY NOTE. *Indorser. Demand. Waiver of notice and protest.*

In a suit against an indorser of a promissory note containing a waiver
of "notice and protest," it is unnecessary for the plaintiff to prove a
demand for payment of the maker before suit. *Carpenter* v. *Rey-
nolds*, 42 Miss., 807.

3. SAME. *Set-off. Evidence. Statute of frauds.*

If, in a suit on a promissory note, the defendants set up, by way of
set-off, and testify to the terms of, a parol contract between the
parties, and services rendered thereunder, it is competent for the
plaintiff to state in evidence his version of the contract, even
though the terms thereof, as testified to by plaintiff, make the
contract within the statute of frauds.

FROM the circuit court of Monroe county.

HON. NEWNAN CAYCE, Special Judge.

Timberlake was the plaintiff and Thayer the defendant in the
court below. The case has twice before been in the supreme
court. It is reported, first, 71 Miss., 279, and, second, 16 So.
Rep., 878, to which reports reference is made for a full pre-
sentation of the facts.

The suit being upon a promissory note, the defendant, Tim-
berlake, by way of a set-off and payment, testified to a parol
contract, under the terms of which he was to, and did, render
services to plaintiff, Thayer, and, according to defendant's
evidence, he was entitled to recover of plaintiff a sum at least
equal to the amount of the note. The plaintiff testified to his
version of the contract, which was materially different from

defendant's statement of it.    According to the plaintiff's version, the contract, which was wholly verbal, was made December 24, 1890, and was for services to be rendered by defendant, beginning January 1, 1891, and ending December 31, 1891. The defendant objected to this evidence, insisting that it was incompetent because the contract, as stated by the plaintiff, was within the statute of frauds, not being capable of performance within one year from the making thereof.    The objection was overruled, and defendant excepted.    There was much evidence tending to show that defendant had violated the parol contract, whether its terms were as testified to by him or by the plaintiff, and had damaged the plaintiff thereby to an extent exceeding what defendant was to be paid for his services.    The other facts are stated in the opinion.    The plaintiff below recovered judgment, and the defendant appealed.

*E. H. Bristow* and *Clifton & Eckford*, for appellant.

As an elementary legal proposition there can be no doubt that unless plaintiff has proven presentment and demand of payment at or about maturity of the note sued on, the indorser is discharged, unless he has by his own act waived the necessity of such demand or presentment.    Story on Promissory Notes, sec. 201; Norton on Bills and Notes, 320; *Magruder* v. *Bank*, 3 Pet., 87.    But plaintiff claims, and the learned special judge held, that the written waiver of "notice and protest" in this case operates of itself to waive and dispense with the presentment of the note to the makers and the demand of payment from them at maturity.    We emphatically deny the legal proposition, either as a general rule of law or as applicable to the peculiar facts and circumstances of this case, though we are free to admit that a few dicta are to be found looking in that direction, countenanced by text writers of no mean repute, strangely misinterpreting the language of the courts, but even then not declaring the doctrine to the extent held by the court below.

We assert as a legal proposition, supported by both reason and authority, squarely decided by the highest courts in the land, that where the local statutes do not require or contemplate protest of inland bills or promissory notes, any waiver of such "protest," or of "protest and notice," by itself does not operate to waive or dispense with presentment of the paper to the maker and demand of payment thereof on or about maturity; the logical reason being, clearly, that wherever "protest" of such paper is required by law, or even allowed as one of the steps to the fixing of the contingent liability of an indorser, this "protest" presupposes a regular demand, and as an incident the notice to the indorser of such demand and nonpayment. But, *e converso*, wherever such protest is not required or provided for, it means nothing and presupposes nothing.

We call the court's attention to the fact that this note was given under the code of 1880, the annotated code of 1892 not having gone into effect until November 1, 1892, as to this matter. By the annotated code of 1892, §§ 3507, 3509, for the first time in this state, it is provided that "indorsed promissory notes may be protested for nonpayment as bills of exchange, and by the same officers."

"An express waiver of notice will not amount to a waiver of a demand on the maker of the note." 2 Greenleaf on Evidence, 190; Story on Promissory Notes, sec. 272; *Backus* v. *Shepherd*, 11 Wend., 627; *Bank* v. *Jones*, 6 Mass., 523; *Burnham* v. *Webster*, 17 Maine, 50; *Ball* v. *Greand*, 14 La. Ann., 305; *Bird* v. *LeBlanc*, 6 La. Ann., 470; *Wall* v. *Bry*, 1 La. Ann., 312; *Harvey* v. *Nelson*, 31 La. Ann., 434; Norton on Bills and Notes, 378; 19 Am. & Eng. Enc. L., 297; Daniel on Negotiable Instruments, sec. 1095.

It is true that in the volume called "Forty-second Mississippi Reports," p. 807, in the case of *Carpenter* v. *Reynolds*, there is a dictum to the contrary, but we submit that, for several reasons, it will be wholly disregarded by this court. In

the first place, the volume is without any authority in the courts of this state, the cases reported therein being merely "the utterances of a tribunal appointed by the military satrap who then ruled in a prostrate commonwealth," and the decision being by the very same judge of that "court of the military commander of the district" who, in another case, in the language of this court, "absurdly held that the vendee in an oral contract for the purchase of land, who had paid $750 of the purchase money, might recover the same back from the vendor, who was willing to complete the contract and tendered a deed with his plea;" as to which this court said: "This never was the law, and that case is reversed." See *Lusby* v. *Railroad Co.*, 73 Miss., 360, overruling *Duvaney* v. *Railroad Co.*; *Washington* v. *Soria*, 73 Miss., 665, overruling *Hairston* v. *Jaudon*. And yet *Duvaney* v. *Railroad Co.* is cited in the American & English Encyclopedia as a "leading case," just as *Carpenter* v. *Reynolds* is cited among a number of cases, in every one of which there was either a statute providing for protest of indorsed promissory notes or peculiar circumstances showing an intent to waive demand and presentment. Using the terse language of this court in *Washington* v. *Soria*, we will venture to say, as to the doctrine that a simple waiver of "protest" on a promissory note operates, of itself, to waive *ipso facto* all presentment and demand to and of the maker, that "it is not and never was the law, and never has been so decided by a respectable court." In the next place, if the book called "Forty-second Mississippi Reports" is authority here, the case cited is a dictum pure and simple, as in that case, in addition to the waiver of "protest" on the indorsed note, there was the indorsement, "and 1 hold myself bound as indorser," or "liable as indorser," which has been held by the highest court in the world to indicate a waiver of every preliminary step necessary to convert the contingent liability of the indorser into an absolute liability. And, again, the very reasons given by the judge of the military satrap's court for his dictum are

exactly the reasons given by the courts in the cases cited in support of that dictum for the contrary decision. And, lastly, we submit that the dictum in *Carpenter* v. *Reynolds*, considered in connection with the reasons given therefor, is absurd, and the facts as to the "custom," etc., on which it was based, are untrue. We emphasize the word "dictum," for the reason that the decision in *Carpenter* v. *Reynolds* was correct, because the language, "Protest waived, and I hold myself liable as indorser," very clearly showed the intention of the indorser to admit his absolute liability without further proceedings against the maker. If the military court had put its decision on that ground, as it really seems to have done in the latter part of the opinion, where it speaks of the "understanding and intention of the parties," there could be no objection to the decision.

The circuit court erred in overruling the exception of the defendant to Thayer's parol testimony as to the contract of employment, which he swears was made on December 24, 1890, between him and Vandiver, and was in its terms an "entire" contract for the services of Vandiver for the full period of the year 1891, commencing on January 1, 1891, and ending on December 31, 1891. The ground of the exception was that this contract was clearly one which could not by its terms be performed within one year from its date, and, therefore, clearly within the prohibition of the statute of frauds, code of 1892, § 4225, subdivision (*d*). The court overruled defendant's objections on two grounds. Because, first, "Vandiver admitted in his testimony" that he had performed the contract testified to by Thayer, and, second, because a "third party, without interest in the contract complained of," cannot legally invoke the statute of frauds against the contract which, though within the statute of frauds, has been fully performed. The contract that Vandiver swears he performed was an altogether different one from that sworn to by Thayer and objected to by defendant. It was a contract made at a different time, for a different period, and with different terms. So far from Van-

diver admitting the performance by him of this contract sworn to by Thayer, he denied both the performance and the existence of any such contract. Thayer swears to a contract of employment made December 24, 1890, entire, indivisible, for the services of Vandiver to be rendered to Thayer generally for the full period from January 1, 1891, to December 31, 1891, inclusive, and denies that Vandiver ever performed this contract. Clearly, this is not the case of the statute of frauds being pleaded by a third party not having any interest in the subject-matter of the contract.

The court below erred in excluding the witness, Franklin, under the assumed operation of the "rule," invoked on the witnesses in the case at the beginning of the trial. Unless this same "rule," which has no legislative sanction, and which in practice is simply in the breast of the judge, is an iron-bound, rigidly inflexible law, to be inexorably enforced to the letter, regardless of the hardship and injustice it may cause, then the action of the court in this case was a monstrous error, without a redeeming feature in it.

*Frank Johnston* and *Houston & Houston,* for appellee.

The waiver of protest and notice by the indorser of a promissory note is a waiver of a demand of payment of the maker. This doctrine is settled by reason as well as by the decided weight of authority. The rule, as stated in the text of the American and English Encyclopedia of Law, is that "protest and notice waived" is a waiver of demand, whether applied to foreign or inland bills or to promissory notes. 19 Am. & Eng. Enc. L., 297. A waiver of protest dispenses with the steps which must precede protest, and, therefore, is a waiver of demand as well as of protest and notice, and no distinction is made between foreign bills and inland bills and notes. *Baker* v. *Scott,* 29 Kansas, 137; *Gordon* v. *Montgomery,* 19 Ind., 110, 111; *Walker* v. *Popper,* 2 Utah, 98; *Porter* v. *Kemball,* 53 Barb. (N. Y.), 467, 470; *Jackson* v. *Anderson,* 37 Mo.,

91, 94; *Fisher* v. *Price*, 37 Ala., 407, 408; 2 Daniel on Negotiable Instruments, secs. 929, 1094; 1 Parsons on Notes and Bills, 470–578, 579; *Codington* v. *Davis*, 1 Comst., 186 (3 Denio, 16); *Scott* v. *Greer*, 10 Barr., 103–104; *Bank* v. *Kettering*, 106 Pa. St., 531, 533, 534; *Brittain* v. *Bank*, 5 Watts & Sergeant, 87; *Wolford* v. *Andrews*, 29 Minn., 250; *Beal* v. *Beck*, 12 Barb. (N. Y.), 245; *Bruce* v. *Little*, 13 Barb. (N. Y.), 163; *Day* v. *Ridgway*, 17 Pa. St., 303; *Brannon* v. *Hursell*, 112 Mass., 70; *Bank* v. *Hatch*, 78 Mo., 13; *Saltmarsh* v. *Tuthill*, 13 Ala., 390; *Backus* v. *Shepperd*, 11 Wend., 629.

The defendant had no right to set up the statute of frauds as an objection to the testimony of the plaintiff in respect to the terms of the verbal contract. A contract within the statute of frauds is not a nullity; it is simply voidable at the election of the party sought to be charged. The plaintiff had not sued upon nor asked for the enforcement of the contract for services. He had sued on the promissory note made by Vandiver and indorsed by the defendant. The defendant was seeking a recovery on the verbal contract of service by way of offset against the note. According to the defendant's contention, the verbal contract had been fully executed and Vandiver was entitled to full compensation, which would have discharged the note, while, according to the plaintiff's contention, Vandiver, after a partial performance, abandoned the contract. It is wholly immaterial whether the verbal contract was originally enforceable or not, or whether it was, in its inception, within the statute of frauds, so far as the right of the plaintiff to recover is concerned, on the note sued on. The contract, as stated by Vandiver, was not within the statute, while the plaintiff did not undertake to set up the statute against the contract as testified to by himself. But in no possible view can the defendant, after setting up the verbal contract as a defense against the note, exclude the plaintiff's testimony as to the terms of the contract, upon the ground that the contract, according to the latter's version, is within the statute of frauds.

The testimony was offered not to charge Vandiver on the contract, but to show that it had been abandoned by him.   It was clearly admissible and competent to show that Vandiver had broken the contract and could not recover on it.

It was within the discretion of the circuit court to exclude the witness, Franklin.   In *Sartorious* v. *State*, 24 Miss., 602, Chief Justice Smith, delivering the opinion of the court, said: "The rule on this subject appears to be well settled.   A witness who has been ordered to withdraw, but who continues in court in violation of the order, will not ordinarily be examined.   It rests, however, in the sound discretion of the judge whether such witness shall be examined or not."

Argued orally by *Frank Johnston*, for appellee.

TERRAL, J., delivered the opinion of the court.

Thayer sued Timberlake on a promissory note for $150, indorsed by him waiving "notice and protest," and recovered the amount of said note and interest.   The testimony being concluded, the defendant moved its exclusion, because no demand of payment was made at the maturity of the note, which motion was overruled.

The defendant excepted to oral testimony given by plaintiff as to an entire contract between him and Vandiver, one of the joint makers of the note indorsed by Timberlake, and which he testified was made on the 24th day of December, 1890, for services to be rendered by Vandiver during the entire year 1891, as inadmissible under the statute of frauds.

On entering upon the trial of the case, the witnesses of both parties were called and put under a rule of the court.   After the close of the testimony of the witnesses so put under the rule, J. T. Franklin was offered by the defendant to prove certain material matters in his behalf, and he was excluded from testifying, because he had not been under the rule of court, though it appeared to the court that Franklin had not heard the evidence given in the case.

1. We think the court erred in the exclusion of the evidence of Franklin. It was expressly held by this court in *Ferguson v. Brown*, 75 Miss., 214, that a party was not to be denied the testimony of his witness because the witness had disregarded the order of the court. In this case Franklin had not violated any rule of court, he had not heard any of the evidence and he was not the subject of any legal exception. A witness wilfully disobeying the orders of the court may be punished for the contempt, and the party calling him must suffer loss by having his credit impaired by such misconduct, but he is entitled to place his testimony, such as it may be, before the jury.

2. The waiver of "protest and notice" was a waiver of a demand. *Carpenter* v. *Reynolds*, 42 Miss., 807.

3. The statute of frauds is no objection to the testimony of Thayer as offered before the jury.

*For the error of the court in excluding the testimony of Franklin, the verdict and judgment are set aside and reversed, and the case is remanded.*