## Paul Blatchford v. Herbert Harris.

### Gen. No. 11,047.

1. FAILURE OF CONSIDERATION—*what does not establish.* A failure of consideration for the indorsement of a promissory note is not established by evidence that such indorsement was made relying upon the promise of a particular individual to observe his contract obligations with a third party.

Blatchford v. Harris.

2. "WAIVE NOTICE OF PROTEST"—*effect of.* To waive notice of protest does not waive demand of payment, but simply the notice after a demand for payment has been made.

3. WAIVER OF PROTEST—*construction of contracts providing for.* Such contracts are not to be construed or extended beyond the fair import of their terms.

Assumpsit upon promissory note.   Error to the Circuit Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1903.   Reversed and remanded.   Opinion filed July 12, 1904.

Statement by the Court.   This was an action upon a promissory note by defendant in error against plaintiff in error as indorser.   The latter pleaded failure of consideration for the indorsement, upon which plea issues were joined.   At the trial the court directed a verdict for the defendant in error, plaintiff below, and judgment was entered thereon.

The note was for $5,000, dated Chicago, August 7, 1899, made by the Cripple Creek Beam Milling Company, a corporation, payable to its own order ninety days after date and by it indorsed and delivered to Harris, defendant in error.   At that time it had upon it the further indorsements of Malcolm D. Owen, Frank S. Weigley and Paul Blatchford, plaintiff in error, in the order named.

Blatchford was a stockholder and director in the milling company which made the note.   It was engaged in operating a mill for the reduction of ores at Florence, Colorado. Harris had advanced the company $1,500 or $2,500 before he met Blatchford and had arranged to go to Florence to investigate the mill and its business.   Upon his return to Chicago, he entered into negotiations with the company, through Weigley, its secretary, for becoming its manager and advancing to it more money so as to make the entire amount $5,000, for which the company was to give its note, to be indorsed by Owen, Weigley and Blatchford. Accordingly this was done; Harris became manager of the company and loaned to it enough more money to make his entire advances $5,000, for which he received the note sued on, indorsed as aforesaid.

JOHN S. STEVENS and CHARLES H. BLATCHFORD, for plaintiff in error.

ARND & ARND, for defendant in error.

MR. JUSTICE STEIN delivered the opinion of the court.

First. It is claimed that the proof tended to show a failure of consideration for Blatchford's indorsement, and that the court therefore erred in withdrawing the proof from the jury and directing them to find a verdict for the plaintiff. It appears that Blatchford at first objected to indorsing the note and did so finally upon Harris' representations as to his ability successfully to operate the company's mill and business and his agreement to do so and become its manager at a salary agreed upon between him and the company. There was evidence tending to show that Harris did not keep this agreement, but abandoned the service of the company soon after he had entered it. We are inclined to doubt whether this shows such an agreement between Harris and Blatchford as that for the breach of it the latter was entitled to damages. The agreement was made by and between Harris and the company. Harris entered the service, not of Blatchford, but of the company. He became and was the manager, not of Blatchford's business, but of the company's. It was the company, not Blatchford, that suffered damages from any breach of the agreement by Harris. If any one, it was the company and not Blatchford that could claim a failure of consideration in that regard for the giving of the note. But it is clear that the consideration both for the note and Blatchford's indorsement of it was the money advanced by Harris to the company, and not his agreement to enter its service. Harris had advanced a part of the $5,000 and was unwilling to advance any more unless Blatchford and the others would indorse the note. Under these circumstances it cannot be said that the proof showed or tended to show any failure of consideration, or that the court erred in so holding.

Second. Defendant in error offered no proof of a demand upon the maker for payment of the note, or of notice

to the indorsers of non-payment, but contended—and the trial court held—that both the making of the demand and the giving of notice were waived by reason of the execution by plaintiff in error and the other indorsers of the following instrument :

" For value received, we, the undersigned indorsers upon the note of the Cripple Creek Beam Milling Company for $5,000.00, dated August 7, '99, and due ninety days after date, hereby waive notice of protest upon same when it shall mature.

(Signed)   MALCOLM DALE OWEN,<br>
PAUL BLATCHFORD,<br>
FRANK S. WEIGLEY.

Dated at Chicago, Nov. 6, 1899."

It is not denied that under chapter 98 of the Revised Statutes relating to " Negotiable Instruments," as amended in 1895, it is necessary, in order to hold the indorser of a promissory note, to present the same for payment to the maker and give notice of non-payment to the indorser in the absence of any waiver by him of the performance of these acts ; and it is argued that the foregoing instrument operates as such waiver. The language is, " we   *   *   *   hereby waive notice of protest." Although the law does not require the protest of an inland bill or promissory note in order to charge the drawer or indorsers, yet the word " protest " has by general usage acquired a more extensive signification than the mere formal declaration of a notary. Protest includes, in the popular sense, all the steps taken to fix the liability of a drawer or indorser. 2 Daniel on Neg. Instr., secs. 929, 1095; Wolford v. Andrews, 29 Minn. 250; Coddington v. Davis, 3 Denio, 16; S. C., 1 N. Y. 186. And where there is nothing else in the waiver to limit the meaning, the word " protest " must be taken as used in that sense, whether applied to foreign or domestic bills or to promissory notes. 2 Daniel on Neg. Instr., secs. 1094, 1095; Coddington v. Davis, *supra;* Wolford v. Andrews, *supra;* Porter v. Kemball, 53 Barb. 467; Carpenter v. Reynolds, 42 Miss. 807; Jaccard v. Anderson, 37 Mo. 91;

Hood v. Hallenbeck, 7 Hun, 362. It cannot, therefore, be said that the word "protest," as used by the indorsers of the note sued on, is meaningless, notwithstanding the fact that there was no need of protesting the note. Evidently when they used the expression "waive notice of protest," they meant to waive notice of demand upon the maker and of non-payment by him. But did this waive the making of the demand? Or, in other words, does a waiver of notice of protest mean the same thing as a waiver of protest? Upon this question the cases are in conflict. But in our opinion the stronger reasoning and the current of authority is in favor of the proposition that a waiver of notice of doing certain things is not a waiver of doing the things themselves. As said in some of the cases, the indorser in waiving notice may rely upon an assurance or conviction that the note if demanded when due will be paid by the maker. Agreements of this character are not to be construed or extended beyond the fair import of their terms. Backus v. Shipherd, 11 Wend. 629; Berkshire Bank v. Jones, 6 Mass. 524; Coddington v. Davis, *supra;* Buckley v. Bentley, 42 Barb. 646; Buchanan v. Marshall, 22 Vt. 561; Jaccard v. Anderson, *supra;* Sprague v. Fletcher, 8 Oregon, 367; Wolford v. Andrews, *supra;* Story on Prom. Notes, sec. 272; 2 Daniel on Neg. Instr., sec. 1096; Bigelow on Bills, Notes and Checks (2nd ed.), 175; 4 Am. & Eng. Ency. of Law (2nd ed.), 470.

Opposed to the foregoing authorities are Mathey v. Gally, 4 Cal. 63; Bank v. Hopson, 53 Conn. 453, and Cooke, et al., Receivers, v. Pomeroy, 65 Conn. 466. The case in the 65th Conn. is based upon and follows the one in the 53rd. In the latter the indorser acknowledged "receipt of notice of protest," and the court simply rules (without giving any reason for its ruling) that "the legal effect of the acknowledgment is to release the plaintiff from any obligation to make demand or give notice," citing 2 Daniel on Neg. Instr., secs. 1094-5; Emery v. Hobson, 62 Maine, 578, and Woodman v. Thurston, 8 Cush. 157. We have examined these authorities and do not think they give any sup-

port to the ruling. In both the Maine case and the one from Cushing the indorser waived *demand* and notice. Moreover, the law of Massachusetts, as expressly held by Parsons, C. J., in Berkshire Bank v. Jones, *supra*, is that a waiver of notice of refusal of payment does not dispense with a demand. In the California case the court, without citing any authority, say that "an express waiver of notice of non-payment * * * is equivalent to an admission that the notes had been presented or need not be presented. This is the only construction of which it is susceptible." From this view we are compelled to dissent as we are well satisfied that there is room for more than one construction.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*